Conrad Geibel, Plaintiff, *v.* James W. Elwell, Defendant.

*Infancy — Statute of Limitations — the "disability" of an infant continues until his majority — action for personal injuries resulting from negligence — time to sue not shortened by his bringing an action (subsequently discontinued) during infancy.*

An infant may maintain an action to recover damages for personal injuries resulting from negligence provided he brings his action in one year after he reaches majority. The provisions of section 396 of the Code of Civil Procedure to the effect that if a person who is entitled to maintain an action, specified in title 2 of chapter 4 of said Code, is at the time when the cause of action accrues within the age of twenty-one years, "the time of such disability" is not a part of the time limited in the title for commencing an action, are to be construed as meaning that the time which must elapse before a person affected by the statute reaches his majority is not to be regarded as a part of the time within which he must sue.

Upon the trial of an action brought to recover damages resulting from injuries caused by the alleged negligence of the defendant, it appeared that the injuries were received in April, 1884, when the plaintiff was between eleven and twelve years of age; that he brought an action by a guardian *ad litem* in May, 1886; that in January, 1891, the guardian died and no other guardian was appointed, and that in January, 1892, an order was entered, by consent, discontinuing that action; that in October, 1892, a new guardian *ad litem* was appointed and that the present action was commenced in December, 1892.

*Held,* that under the provisions of the Code of Civil Procedure requiring an action of this nature to be begun within three years by a person not under any disability, the present action was not barred;

That the commencement of the action, which was discontinued, did not operate to remove the "disability" of the infant, and that the three-year Statute of Limitations did not begin to run when that action was brought;

That the infant was under "disability" until he reached majority.

MOTION by the plaintiff, Conrad Geibel, for a new trial on a case containing an exception, ordered to be heard at the General Term in the first instance upon the dismissal of the complaint directed by the court after a trial at the New York Circuit before the court and a jury on the 22d day of April, 1895. Also an appeal by the plaintiff from an order of the Supreme Court, made at the New York Circuit and entered in the office of the clerk of the county of New York on the 20th day of May, 1895, dismissing the complaint.

This action was brought to recover damages for a personal injury sustained by the plaintiff and alleged to have resulted from the negligence of the defendant.

The injury complained of occurred on the 11th day of April, 1884, at which time the plaintiff was between eleven and twelve years of age.

It appears from the record that in March, 1886, his grandfather, Philip Bender, was appointed guardian *ad litem* for him, for the purpose of bringing an action against the defendant to recover damages for the injury in question, and on the 6th of May, 1886, the plaintiff commenced that action by his grandfather, as guardian *ad litem.* The defendant answered in the cause, and on March 5, 1888, the case came on for trial, and at the close of the evidence a juror was withdrawn, to admit of a motion for an amendment of the complaint. In August, 1890, a motion for leave to amend the complaint was made, and on September 3, 1890, was denied. In January, 1891, the guardian *ad litem* died; no other guardian was appointed in that action. On January 27, 1892, an order was entered by consent discontinuing the action. On October 3, 1892, plaintiff's uncle, Philip Bender, Jr., was appointed guardian *ad litem* for the purpose of bringing this present suit, and this suit was commenced by the plaintiff by said Philip Bender, Jr., as guardian *ad litem,* on the 3d of December, 1892.

Subsequently Conrad Geibel became of age and an order was

thereupon entered by consent, directing that the action be continued and prosecuted in the name of Conrad Geibel personally.

*Christopher Fine*, for the appellant.

*R. D. Benedict*, for the respondent.

Parker, J.:

The dismissal of the complaint at Circuit was upon the ground that the commencement of the first action in May, 1886, operated to remove the disability of the infant provided for by section 396 of the Code of Civil Procedure, the effect being that the three years' Statute of Limitations began to run. If such was its effect, it necessarily follows that the plaintiff's cause of action was barred before this action was brought in December, 1892.

The statutory provisions which control this question are as follows (Code, § 380): "The following actions must be commenced within the following periods after the cause of action has accrued."

Section 383, "Within three years * * * (5) an action to recover damages for a personal injury resulting from negligence."

Section 396: "If a person entitled to maintain an action specified in this title * * * is, at the time when the cause of action accrued either (1) within the age of twenty-one years, or (2) insane, or (3) imprisoned on a criminal charge, or in execution upon conviction of a criminal offense for a term less than life, the time of such a disability is not a part of the time limited in this title for commencing the action, except that the time so limited cannot be extended more than five years by any such disability, except infancy, or, in any case, more than one year after the disability ceases."

The defendant urges, in support of the dismissal, that within the meaning of the section last quoted the plaintiff's disability to sue ceased when his guardian *ad litem*, in May, 1886, commenced an action to recover the damages sustained by the infant; that it is not conceivable that a suit properly brought by plaintiff should co-exist with a disability of the plaintiff to bring such suit, and that under the statute it is not the time of the infancy that is not to be counted, but the time of disability, which ceases when suit is brought.

The statute is not well expressed, and because that is so, there has been afforded an opportunity for debate, of which counsel have fully availed themselves.

The use of the word "disability" furnishes the basis for the defendant's contention. It is said that the connection in which it is employed indicates that it was the legislative intent to save the bar of the statute as against a minor until he should reach his majority, and for such a reasonable time thereafter as should afford him opportunity to take action looking to indemnity for his injuries, unless before coming of age he should prosecute by guardian. But it does not seem to us that the statute can be so read. It undertakes to provide that as against persons in certain situations the Statute of Limitations shall not run. It describes the situations in which persons must be in order to stop the running of the statute as (1) within the age of twenty-one years, or (2) insane, or (3) imprisoned on a criminal charge, or in execution upon conviction of a criminal offense for a term less than life. It then continues " the time of such a disability is not a part of the time limited in this title for commencing the action    *    *    *."

What "time" is it which is thus referred to as one of " disability ?" It is the time which must elapse before a person affected by the statute reaches his majority, or while he is insane, or imprisoned, as the case may be.

There is no other time or period to which it can refer, and awkwardly as it is expressed, it nevertheless seems to be clear that the words "time of such a disability" were used to characterize generally, and without repetition, the three conditions in which a person having a cause of action might be so placed as to need protection from the effect of the preceding sections. And in order to give to the statute a construction which starts the running of the three years' Statute of Limitations before the minor reaches his majority, it is necessary to import into it something which we cannot say was intended by its framers.

There is certainly no occasion to strain after such a construction, for if a minor should be protected from the running of the statute until his majority, if he cannot secure a person to act as guardian *ad litem* and prosecute his action, why should he not be protected if

the person consenting to be his guardian *ad litem* after commencing the action changes his mind and discontinues it, as in this case ?

As our conclusion is that the action was not barred, the exceptions must be sustained and a new trial ordered, with costs to the plaintiff to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.