HERMAN BRAND, Plaintiff, *v.* UNION RAILWAY Co. OF NEW YORK CITY, Defendant.

Supreme Court, Special Term, Bronx County, December 27, 1939.

*Morris W. Lippe* [*Bernard Reich* of counsel], for the plaintiff.

*Alfred T. Davison* [*James A. Quinn* of counsel], for the defendant.

NOONAN, J. This is a motion by the plaintiff to strike from the defendant's answer paragraphs fourth and fifth, constituting the

second and third separate and complete defenses. The action is brought to recover damages for personal injuries arising out of defendant's alleged negligence in the operation of a street car. The complaint alleges that the accident happened on July 10, 1929, while the plaintiff was an infant, and that this action is commenced within one year after plaintiff reached his majority.

The answer, in addition to a general denial, pleads three separate defenses. The first defense, not under attack, is that the cause of action alleged in the complaint did not accrue within three years before the commencement of the action and more than one year has elapsed since the plaintiff attained his majority, so that the action is barred by the Statute of Limitations. The second defense, under attack, is that an action was commenced by the plaintiff, by his guardian *ad litem*, in February, 1930, in the City Court, Bronx county, to recover for the same cause of action as alleged in the complaint in the action; that said City Court action was marked " off " the calendar for failure to proceed with the trial on May 2, 1938; that no application was made to restore it to the City Court calendar within one year; that pursuant to subdivision *l* of rule VI of the Rules of the City Court, the plaintiff's cause of action must be deemed abandoned, and that such voluntary abandonment and dismissal for failure to prosecute is a bar to this action. The third defense, under attack, alleges that about May 2, 1938, the said action by the plaintiff, which had been commenced by his guardian *ad litem* in the City Court, was marked " off " the calendar of that court; that on September 19, 1939, after the plaintiff had attained his majority, an application by him to restore the action to the calendar of the City Court was denied; that no appeal was taken by the plaintiff from such order, and that the plaintiff has thereby voluntarily abandoned the said cause of action, thus constituting a bar to this action.

Subdivision *l* of rule VI of the Rules of the City Court provides that a cause marked off the calendar, where no application is made within one year to restore same, " shall be deemed abandoned and the complaint or counterclaim, if any, dismissed, without costs." When the action was marked " off " the City Court calendar and an application to restore it was not made within a year, a dismissal of the complaint was thereby effectuated. Such dismissal, however, was not on the merits. The dismissal of the City Court action not being upon the merits, can a new action be commenced for the same cause where the time limit for commencing an action has expired? Section 23 of the Civil Practice Act provides the answer. It says that " If an action is commenced within the time limited therefor, and * * * the action is terminated in any other

manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action for the same cause after the expiration of the time so limited and within one year after such * * * termination."

The City Court action was dismissed for a failure to prosecute. In any event, the new action was not commenced within one year after such termination. The plaintiff is, therefore, barred from commencing a new action for the same cause.

Section 60 of the Civil Practice Act does not furnish release from the statutory bar. That section says that an infant may commence an action, such as the instant one, within one year after the disability of infancy ceases. In other words, the time limitation to commence an action such as this does not apply to an infant if an action is commenced within one year after the infant attains his majority.

The application of that section, however, presupposes that an infant has not during his infancy maintained an action by his guardian *ad litem*. An infant is not obliged to wait until he becomes of age before bringing an action. He may start an action during his minority by his guardian *ad litem*. (Civ. Prac. Act, § 201; *Russo* v. *City of New York*, 258 N. Y. 344, 349.)

The infant in the instant case commenced such an action in the City Court. That action was dismissed for failure to prosecute.

In my opinion it was not the legislative intent to give the infant, upon the attainment of his majority, the right of instituting another action for the same cause.

The Statute of Limitations affecting the present action to recover damages for negligence is the three-year statute (Civ. Prac. Act, § 49, subd. 6). This period, according to the defenses in question, has long since expired.

For the reasons stated, the motion to strike out the defenses contained in paragraphs fourth and fifth of the defendant's answer is denied. Order signed.