THOMAS CAULSTON, JR., etc., Plaintiffs, *v.* MAX S. ROSENFELD and Others, Defendants.

Supreme Court, Special Term, New York County, November 19, 1940.

*Neil J. Toomey*, for the plaintiffs.

*Leo M. Brimmer*, for the defendants.

KOCH, J. This is a motion to dismiss the complaint on the basis of the Statute of Limitations.

The cause of action in favor of the infant plaintiff is not barred by the statute since subdivision 3 of section 60 of the Civil Practice Act extends the infant's time to sue for a period of one year after reaching majority. The fact that a previous action brought by the infant through a guardian *ad litem* was dismissed for failure to prosecute does not affect the situation. In *Geibel* v. *Elwell* (91 Hun, 550) it was held that the commencement of an action by an infant through a guardian *ad litem* did not terminate the infant's disability within the meaning of section 396 of the Code of Civil Procedure (now section 60 of the Civil Practice Act) and, therefore, did not start the running of the Statute of Limitations. Accordingly, notwithstanding that the prior action had been discontinued, the court held that the subsequent action could be commenced at any time prior to the expiration of one year after the infant reached his majority. The cited case must be deemed controlling here. It is square authority for denying the motion to dismiss the infant's cause of action, the latter having not yet attained the age of twenty-one years. In so far as *Brand* v. *Union Railway Co.* (173 Misc. 224) may be deemed an authority to the contrary, it may not be followed in view of the determination of the appellate court in *Geibel* v. *Elwell* (*supra*). Section 23 of the Civil Practice Act is inapplicable to the infant's cause of action since, as pointed out in *Russo* v. *City of New York* (258 N. Y. 344, 349), that section " applies only to cases where without this saving clause the action would be barred by the Statute of Limitations," and not to a situation where " because of the disability of infancy, the bar of the statute never became effective."

The cause of action for loss of services must, however, be dismissed since it was not brought within the statutory time. The infant's disability to sue does not inure to the benefit of the parent's

cause of action for loss of services. (*Pitrelli* v. *Cohen*, 257 App. Div. 845.) The cause of action for loss of services is an independent cause of action (*Ballantine* v. *Ahearn*, 170 Misc. 651) and must be commenced within three years after its accrual. Section 23 of the Civil Practice Act does not avail the parent since it authorizes the commencement of a new action within one year after the termination of the prior action only where the termination of the prior action is *not* the result of a dismissal for failure to prosecute, a voluntary discontinuance, or a final judgment upon the merits. Here the termination of the prior action *was* the result of a dismissal for failure to prosecute.

The motion is granted to the extent of dismissing the cause of action for loss of services and denied as to the infant's cause of action.

Settle order.