Evelyn Frehe, an Infant, by Fred Frehe, Her Guardian ad Litem, and Fred Frehe, Respondents, *v.* Fred Schildwachter, Appellant.

First Department, February 27, 1942.

*Donald I. Peyser* of counsel [*Alexander Orr, Jr.*, with him on the brief; *Evans & Rees*, attorneys], for the appellant.

*Benjamin H. Siff* of counsel [*Harold K. Baron*, attorney], for the respondents.

Untermyer, J. The action is for personal injuries alleged to have been caused by the negligence of the defendant. It is instituted on behalf of the infant plaintiff by her father as guardian *ad litem* and also by the father in his own right for loss of services and medical expenses. The defendant's motion to dismiss the complaint under subdivisions 6 and 7 of rule 107 of the Rules of Civil Practice, upon the ground that the cause of action is barred by the Statute of Limitations and that the plaintiffs' claim has been released, was denied by Special Term.

In September, 1934, the infant plaintiff, then a year and a half of age, was injured by the defendant's automobile. An action to recover for these injuries was instituted in the Municipal Court, Bronx County, against the defendant, by the infant through a

guardian *ad litem*.   In 1935 the guardian *ad litem*, with the approval of the court, settled that action for $100 and executed and delivered a release.

The present action was commenced in April, 1941, more than six years after the settlement of the Municipal Court action and the occurrence of the accident.   The complaint sets forth a cause of action at law for damages without making any reference to the earlier settlement or to the execution of the release.   The defendant's affidavit asserts the release as a defense and sets forth the circumstances under which it was executed.   The plaintiffs, however, rely upon facts which tend to establish that the release was executed in the mistaken belief that the infant's injuries were of a superficial character.   We assume, without deciding, that these affidavits create an issue of fact which would necessitate a trial to determine the validity of the release if the causes of action were not barred by the Statute of Limitations.

The father's cause of action, it is clear, was not instituted within the time provided by the statute (Civ. Prac. Act, § 49) and is conceded by him to be barred.   (*Pitrelli* v. *Cohen*, 257 App. Div. 845.) We think the infant's cause of action, at least when asserted by her guardian, is likewise barred.   It is contended by the guardian that the infant is protected by section 60 of the Civil Practice Act which, notwithstanding other Statutes of Limitations, allows an action to be maintained by the infant within one year " after the disability ceases."   It is by no means clear that section 60 inures to the benefit of the infant even after the disability has ceased in cases where an action for the same cause has previously been maintained by a guardian *ad litem*.   (See *Matter of Becker*, 28 Hun, 207; *Geibel* v. *Elwell*, 91 id. 550.)   That question, however, is not presented and will not be presented until the infant can maintain the action in her own right.   Here we are concerned only with the right of the guardian to maintain an action for injuries to the infant after such a cause of action would be barred to an adult plaintiff by the Statute of Limitations.   The statute contains no provision which excludes such a cause of action from its operation. In this respect the guardian *ad litem* occupies the same position as would any other plaintiff.

The order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice granted.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion to dismiss the amended complaint pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice granted.