Evelyn Frehe, an Infant, by Fred Frehe, Her Guardian ad Litem, et al., Appellants, *v.* Fred Schildwachter, Respondent.

Submitted October 5, 1942; decided December 3, 1942.

*Benjamin H. Siff* and *Harold K. Baron* for appellants. The Statute of Limitations is not a bar to infant's cause of action and the dismissal of the complaint, was error. (*Russo* v. *City of New York,* 258 N. Y. 344.) That a release had been executed under a mistake of fact did not deprive the infant plaintiff of the benefits of section 60 of the Civil Practice Act. (*Geibel* v. *Elwell,* 91 Hun, 550; *Caulston* v. *Rosenfeld,* 175 Misc. Rep. 479.)

*Donald I. Peyser* for respondent. Since there has been no rescission or attempt to rescind the prior settlement and releases knowingly entered into by the plaintiffs, such settlements and releases bar the instant action. (*Gilbert* v. *Rothschild,* 280 N. Y. 66.) Since an action on behalf of the infant was commenced and consummated by a settlement and release authorized and directed by the court in 1935, the infant-plaintiff is not entitled to the benefit of section 60 of the Civil Practice Act and the cause of action on behalf of the infant is barred by subdivision 6 of section 49 of the Civil Practice Act. (*Matter of Becker,* 28 Hun, 207; *Brand* v. *Union Ry. Co.,* 173 Misc. Rep. 224.) The affidavits submitted in opposition to the motion to dismiss sufficiently set forth facts to justify its denial. (*Barker* v. *Conley,* 267 N. Y. 43; *Dominicis* v. *U. S. Casualty Co.,* 132 App. Div. 553; *Barry* v. *Lewis,* 259 App. Div. 496; *Farrington* v. *Harlem Sav. Bank,* 280 N. Y. 1.)

LEWIS, J. The infant-plaintiff suffered personal injuries on September 14, 1934, alleged to have been caused by the negligence of the present defendant. Thereafter an action in her behalf was instituted against the defendant in the Municipal Court of the City of New York. During the pendency of that action negotiations to compromise the demands made therein led to a settlement. On January 24, 1935, the compromise figure which had been agreed upon was submitted to a justice of the court in which that action was pending. Upon the pleadings and proceedings theretofore had in that action, and upon the appearance in court of the guardian ad litem and the infant-plaintiff, the court made a formal order by which the settlement was approved and the guardian *ad litem* was authorized to execute and deliver to the defendant a release in behalf of the infant-plaintiff. The release was later executed and delivered by the guardian *ad litem,* who concededly received the amount which the court had approved in settlement.

On April 15, 1941 — more than six years after the settlement of the prior action — the same infant, by her father as guardian *ad litem,* instituted in Supreme Court the present action in which recovery is sought against the same defendant for the *entire* damage alleged to have been suffered by the infant-plaintiff and arising out of the same accident. Since the complaint herein was served the

infant's father has consented to a dismissal of the complaint in so far as it embodies a claim by him personally against the defendant.

At Special Term a motion by the defendant to dismiss the amended complaint, under rule 107, subdivisions 6 and 7, of the Rules of Civil Practice, was denied. At the Appellate Division the order of Special Term was reversed and the defendant's motion was granted upon the ground that the plaintiff's cause of action did not accrue within the time limited by law for the commencement of suit thereon. We agree with the result reached by the Appellate Division, but for a different reason.

In his affidavit, filed at Special Term, in opposition to defendant's motion for a dismissal of the complaint, the guardian *ad litem* admits the settlement of the prior Municipal Court action and the execution and delivery of the release which that court had authorized. He asserts, however, that he has instituted the present action for the following reasons: That when the Municipal Court action was commenced in 1934, the infant's injuries did not appear to be serious; that since the settlement of that action her condition has become progressively worse; that the guardian *ad litem* has been advised by physicians that the infant-plaintiff is suffering from a permanent impairment of health and that the accident of September, 1934, " could be a competent producing cause " of her present condition.

When the accident befell the infant-plaintiff in 1934 she had the legal right to delay any action to recover for consequent personal injuries until one year after she attained the age of twenty-one years. (Civ. Prac. Act, § 60.) However, until she became twenty-one years of age the law gave her the right, if she chose to exercise it, to maintain such an action by a guardian *ad litem*. (Civ. Prac. Act, §§ 201, 202.) It was the latter course which was adopted by those charged with protecting the infant-plaintiff's rights and interests. When, in 1934, an action was commenced in the Municipal Court to recover from the present defendant for alleged damages suffered by the infant-plaintiff, her guardian *ad litem*, acting under the authority of law (Civ. Prac. Act, §§ 201, 202), submitted her rights and claims, as asserted in that action, to be adjudicated by that court upon the law applicable to the case and according to procedure by which it is given effect. When the parties to that

prior action agreed upon a settlement, certain prescribed procedure brought them into court. (Rules of Civ. Prac., rule 294.) The Municipal Court order of January 24, 1935, was made in the exercise of judicial authority which the guardian *ad litem* had chosen to invoke; it was entered with the knowledge and consent of the guardian *ad litem*; it approved the settlement which the parties had agreed upon and authorized the guardian *ad litem* in behalf of the infant-plaintiff to execute and deliver to the defendant the release with which we are now concerned.

The record contains no allegation that either the settlement of the 1934 action, or the execution of the release as an incident to that settlement, was induced by fraud. Nor does the plaintiff claim that the release itself is void. It is in the usual form and is clearly so broad in scope as to discharge the defendant from the damages which the present action is intended to enforce. Nor is it suggested by the guardian *ad litem* that the release was limited by its terms to a portion only of the damages sustained by the infant for which portion no recovery is sought in the present action.

The guardian *ad litem* has framed his present complaint to plead an action at law without mentioning the prior action of 1934. He conceded at Special Term, upon the return of the defendant's motion to dismiss the complaint, that an action in the infant-plaintiff's behalf against the defendant had been commenced in Municipal Court in 1934; that such prior action had been settled, and that, as an incident to that settlement, a release, authorized by court order, had been given to the defendant. We do not find, however, in the affidavit submitted by the guardian *ad litem* in opposition to the defendant's motion, an allegation of the rescission of the release.

In these circumstances the release is a complete bar to the present action against the defendant, unless rescinded. If, for reasons sufficient in law, the release is voidable — which problem is not now before us for decision — its rescission may be made effective only by returning or tendering back the consideration received therefor. (*Gilbert* v. *Rothschild*, 280 N. Y. 66, 72; *Kamerman* v. *Curtis*, 285 N. Y. 221, 226.)

The release, now unrescinded, affords a proper basis for the defendant's present motion under rule 107, subdivision 7, of the

Rules of Civil Practice, *viz.*, that defendant should have judgment dismissing the complaint upon the ground that the demand set forth in the complaint has been released.

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.