CONRAD A. WILLIAMS, JR., an Infant, by CONRAD A. WILLIAMS, SR., His Guardian ad Litem, et al., Plaintiffs, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Kings County, November 13, 1943.

*Morritt & Eisenstein* for plaintiffs.

*Ignatius M. · Wilkinson, Corporation Counsel (James E. O'Reilly* and *Edmund J. Leonard* of counsel), for defendant.

GARVIN, J. This is a motion by plaintiff to strike out paragraph " VI " of defendant's answer on the ground that it does not set forth facts sufficient to constitute a defense to this action.

The suit is brought to recover for personal injuries claimed to have been sustained by plaintiff, a regular student at Boys' High School, Brooklyn, N. Y., when a glass panel of a classroom door in the school building fell out and struck him.

The answer denies generally the material allegations of the complaint and sets forth an affirmative defense which reads in these words: " VI. FOR AND AS A DEFENSE, the defendant alleges, upon information and belief, that the plaintiff commenced a prior action in this Court against the defendant for the same cause of action that is alleged in the complaint herein: that the prior action was dismissed without costs on the call of the calendar on the 2nd day of February, 1942; that on the 6th day of February, 1942, the defendant served a copy of the judgment with notice of entry thereof upon the attorneys for the plaintiff, dismissing the complaint without costs; that the plaintiff commenced the within action by the service of a summons and complaint upon the defendant on the 3rd day of May, 1943, which action was not commenced within one year of the dismissal of the prior action, as required by the provisions of Section 23 of the Civil Practice Act."

A prior action had been instituted by the same guardian ad litem on behalf of the same infant plaintiff, setting forth the

same cause of action. This was dismissed without costs for plaintiff's failure to appear on the call of the calendar. The present action was commenced more than one year after such dismissal. Nevertheless, it is urged that notwithstanding the provision of section 23 of the Civil Practice Act, the infant's time to bring his action was extended up to one year after he had reached his majority because of the provisions of section 60 of the Civil Practice Act.

Section 23 of the Civil Practice Act provides, in effect, that if an action is instituted within the time limited therefor and is terminated in any other manner than by a voluntary discontinuance, by a dismissal of the complaint for failure to prosecute, or by a final judgment on the merits, plaintiff may commence a new action for the same cause after the expiration of the time so limited and within one year after such termination. This section has been construed by the Court of Appeals to apply only to cases where, without this saving clause, the action would be barred by the Statute of Limitations. (*Russo* v. *City of New York,* 258 N. Y. 344, 349.)

In the instant case, the Statute of Limitations (Civ. Prac. Act, § 49, subd. 6) never became effective because of plaintiff's infancy; he had one year after such disability of infancy ceased in which to begin his action (Civ. Prac. Act, § 60, subds. 1, 3). The commencement of an action by an infant through a guardian ad litem does not terminate the infant's disability within the meaning of section 60 of the Civil Practice Act. (*Geibel* v. *Elwell,* 91 Hun 550; *Caulston* v. *Rosenfeld,* 175 Misc. 479.)

The case of *Frehe* v. *Schildwachter* (263 App. Div. 379), upon which defendant relies to sustain its affirmative defense, is not controlling. The opinion therein expressly states that the question involved in *Geibel* v. *Elwell* (*supra*) is not presented.

In the *Frehe* case, an action was instituted in the Municipal Court by the guardian ad litem on behalf of an infant, then a year and a half old. The action was settled, with the approval of the court, for one hundred dollars and a release was given. Subsequently, a second action was commenced in the Supreme Court without mentioning the previous compromise and release. The court stated (p. 380): " We think the infant's cause of action, at least when asserted by her guardian, is likewise barred. It is contended by the guardian that the infant is protected by section 60 of the Civil Practice Act which, notwithstanding other Statutes of Limitations, allows an action to be maintained by the infant within one year ' after the disability ceases.' It is by no means clear that section 60 inures

to the benefit of the infant even after the disability has ceased in cases where an action for the same cause has previously been maintained by a guardian *ad litem*. (See *Matter of Becker,* 28 Hun, 207; *Geibel* v. *Elwell,* 91 id. 550.) That question, however, is not presented and will not be presented until the infant can maintain the action in her own right. Here we are concerned only with the right of the guardian to maintain an action for injuries to the infant after such a cause of action would be barred to an adult plaintiff by the Statute of Limitations. The statute contains no provision which excludes such a cause of action from its operation. In this respect the guardian *ad litem* occupies the same position as would any other plaintiff.''

This case was affirmed in the Court of Appeals (289 N. Y. 250), but for a reason other than that set forth in the opinion of the Appellate Division. The Court of Appeals stated (pp. 252–254): '' We agree with the result reached by the Appellate Division, but for a different reason. * * * In these circumstances the release is a complete bar to the present action against the defendant, unless rescinded. If, for reasons sufficient in law, the release is voidable — which problem is not now before us for decision — its rescission may be made effective only by returning or tendering back the consideration received therefor. (*Gilbert* v. *Rothschild,* 280 N. Y. 66, 72; *Kamerman* v. *Curtis,* 285 N. Y. 221, 226.) The release, now unrescinded, affords a proper basis for the defendant's present motion under rule 107, subdivision 7, of the Rules of Civil Practice, *viz.,* that defendant should have judgment dismissing the complaint upon the ground that the demand set forth in the complaint has been released.''

This court is of the opinion that the Court of Appeals impliedly disapproved the reasoning upon which the Appellate Division based its decision. If the foregoing conclusions are correct, the second action is maintainable and, therefore, the affirmative defense set forth in paragraph '' VI '' of the answer is insufficient and should be stricken therefrom. Motion granted.