DAVID GUNDERSHEIN, an Infant, by ARTHUR GUNDERSHEIN, His Guardian ad Litem, Appellant, v. BRADLEY-MAHONY COAL CORPORATION et al., Respondents, et al., Defendants.

COHN, J. (dissenting). The question presented is whether the Statute of Limitations can serve as a bar to an infant's action to recover damages for personal injuries commenced during infancy, but more than three years after the injuries were sustained, and where a judgment in a prior suit brought in behalf of the infant by the same guardian ad litem for the same injuries was entered dismissing the complaint for failure to diligently· prosecute the action.

The right of action of an infant to redress a wrong or enforce a right remains with the infant. Infancy does not incapacitate the infant from bringing the action and the infant is the real party although· he may sue by a guardian ad litem. The guardian ad litem manages the suit for the infant and protects his interests, but the infant is the real party in interest. (*Murphy* v. *Village of Fort Edward*, 213 N. Y. 397, 401.)

The statute (Civ. Prac. Act, § 60) provides that if a person entitled to maintain an action is at the time when the cause of action accrues within the age of twenty-one years, the time of such infancy is not a part of the time limited for commencing the action. Infancy suspends the operation of the statute. Neither the appointment of a guardian ad litem nor the institution of a law suit by the guardian ad litem sets in operation the Statute of Limitations.

In this case the ·Statute of Limitations (Civ. Prac. Act, § 49, subd. 6) did not become effective because of plaintiff's infancy. He had one year after such disability· of infancy ceased in which to begin his action. (Civ. Prac. Act, § 60, subds. 1, 3.) The commencement of the earlier action by the infant through a guardian ad litem did not terminate his disability within the meaning of section 60 of the Civil Practice Act. (*Williams* v. *Board of Education, City of New York*, 182 Misc. 619, 621; *Caulston* v. *Rosenfeld*, 175 Misc. 479; *Geibel* v. *Elwell*, 91 Hun 550.)

To deprive an infant of his right to sue again because his guardian ad litem failed to diligently prosecute a prior suit instituted in his behalf when he was only five years of age and which was dismissed for such failure when the infant was seven years of age, runs counter to the intent of the statute to protect infants during their minority. It is well settled that rights accorded by law to infants may not be forfeited because a guardian does not perform for an infant where performance is excused because of infancy. (*Murphy* v. *Village of Fort Edward, supra,* p. 403; see, also, *Russo* v. *City of New York*, 258 N. Y. 344, 348.)

In *Frehe* v. *Schildwachter* (289 N. Y. 250), the Court of Appeals impliedly rejected the opinion of this court (263 App. Div. 379) to the extent that it held upon facts somewhat analogous to those in the case at bar that the infant's

cause of action for personal injuries was barred because it did not accrue within the time limited by law for the commencement of suit thereon. LEWIS, J., speaking for the Court of Appeals in the *Frehe* case (*supra*) said, at page 252: " * * * However, until she became twenty-one years of age the law gave her the right, if she chose to exercise it, to maintain such an action by a guardian *ad litem*. (Civ. Prac. Act, §§ 201, 202) " thus clearly intimating that the Statute of Limitations cannot serve as a bar to an infant's action commenced during his minority.

. The judgment and orders appealed from should be reversed, with costs, and the motions in all respects denied.

Martin, P. J., Townley and Dore, JJ., concur in decision; Cohn, J., dissents in opinion in which Callahan, J., concurs.

Orders and judgment affirmed, with costs. No opinion.