FRED HILBURGER, an Infant, by MARGARET HILBURGER, His Guardian ad Litem, Plaintiff, v. WILLIAM COTTMAN, Defendant.

Supreme Court, Special Term, Oneida County, September 27, 1949.

*Miles W. Jones* for defendant.

*William R. Goldbas* for plaintiff.

MOREHOUSE, J. This action is brought by the guardian ad litem of the infant plaintiff, Fred Hilburger, to recover for personal injuries alleged to have been sustained by the infant as a result of the negligence of the defendant on or about July 9, 1944. The action was commenced by the service of a summons and complaint upon the defendant, William Cottman, on August 5, 1949. The infant became of the age of ten years on June 21, 1949.

The defendant contends that the action is barred by subdivision 6 of section 49 of the Civil Practice Act inasmuch as the action was not commenced within three years after accrual. The plaintiff contends that because of the provisions of section 60 of the Civil Practice Act, section 49 is not applicable as a bar.

The defendant relies upon *Frehe* v. *Schildwachter* (263 App. Div. 379) as authority for his contention that the infant's present action is barred because it was not commenced within the statutory period of three years. The court held that a guardian ad litem could not maintain an action for injuries to the infant after the time when the cause of action would be barred to an adult plaintiff by the Statute of Limitations, and that in this respect the guardian ad litem occupied the same position as any other plaintiff. It is not disputed that under section 60 of the Civil Practice Act the infant could maintain an action within one year after he reached his majority, which will be ten years hence. The effect of this ruling is destroyed by the language of Judge LEWIS writing for the Court of Appeals in the same case as reported at 289 N. Y. 250. The court concurred in the " result " but upon entirely different grounds, namely, the prior settlement and release of the infant's cause of action in Municipal Court. Judge LEWIS states: " When the accident befell the infant-plaintiff in 1934 she had the legal right to delay any action to recover for consequent personal injuries until one year after she attained the age of twenty-one years (Civ. Prac. Act. § 60). However, until she became twenty-one years of age the law gave her the right, if she chose to exercise it, to maintain such an action by a guardian *ad litem.*"

In *Ballantine* v. *Ahearn* (170 Misc. 651) an action brought by a mother of an infant for loss of services was held to be barred by the Statute of Limitations, and it was stated: " This limitation does not apply to the infant's action since he has not as yet attained his majority." Also in *Caulston* v. *Rosenfeld* (175 Misc. 479) it was held that an infant's action could be commenced at any time prior to the expiration of one year after the infant reaches majority.

Section 60 of the Civil Practice Act, to which reference has been made, provides in substance that " If a person entitled to maintain an action  *  *  *  is at the time when the cause of action accrues, either: (1) within the age of twenty-one years  *  *  *  the time of such disability is not a part of the time limited in this article for commencing the action; except that the time so limited cannot be extended  *  *  *  in any case more than one year after the disability ceases."

To compel an infant of the age of ten years to await his majority before bringing action because he had failed to act within the generally prescribed statutory period would create an anomalous situation. It would be in direct contravention of section 201 of the Civil Practice Act wherein, with respect to an infant's right of action, it is prescribed that " the same shall not be deferred or delayed on account of his infancy ", and for the entire remaining period of his infancy, he would be wholly deprived of the benefits to which he might be entitled, a period when conceivably he might be most in need. A delay of trial for eleven years would be almost certain to weaken his case by reason of the loss of witnesses or imperfect recollection of those yet available. No sound reason can be advanced for a hiatus in the infant's right to proceed when concededly he could do so at any time between the ages of 21 and 22. An infant's right of action is continuing and suit may be brought at any time during his minority or within one year thereafter.

The defendant's motion to dismiss the complaint is denied and an order to such effect may be made and entered by either party.