IDELL FRANKENHEIM et al., Respondents, *v.* B. ALTMAN & CO., Appellant.

First Department, February 21, 1956.

*Samuel E. Swiggett* of counsel (*Barrett, Molloy, Geoghan & Swiggett,* attorneys), for appellant.

*Alfred S. Julien* of counsel (*Max Lourie* with him on the brief; *Irvin L. Kaye,* attorney), for respondents.

*Per Curiam.* In this motion for summary judgment, the complaint demands recovery for personal injuries and loss of services sustained as the result of an accident in defendant's store on October 1, 1949, allegedly caused by defendant's negligence. The answer contains an affirmative defense of release, executed in March, 1950, as well as a general denial. The reply alleges that plaintiffs released the defendant only as to the injuries known at the time of the release.

The release in question, in the usual form, makes no reference to injuries unknown at the time of execution. There is no claim here that either the settlement or the execution of the release was induced by fraud. However, it is the contention of plaintiff, Idell Frankenheim, that at the time of the settlement and release, neither party had knowledge of certain injuries which became manifest after the release was executed and delivered. The complaint makes no mention of the prior settlement and the execution and delivery of the release.

The release, unless rescinded, is a complete bar to this action. (*Frehe* v. *Schildwachter,* 289 N. Y. 250, 253.) The *Frehe* case sets forth the proper procedure. Cases where defendant has not taken advantage of the *Frehe* rule by moving with respect to the sufficiency of the complaint, are not applicable. (See, e.g., *Brown* v. *Manshul Realty Corp.,* 271 App. Div. 222.)

Rescission, therefore, is prerequisite to the statement of a

sufficient negligence cause of action, assuming that, for reasons warranted in law, the release is voidable — and this question was not presented by the pleadings. Rescission can be effected before action, e.g., by payment of the sum received under the release, or by an action, on appropriate grounds. (Cf. Civ. Prac. Act, § 112-g.)

Unrescinded, however, the release affords a proper basis for dismissal of the complaint. Nevertheless, albeit the complaint is legally insufficient, summary judgment should not be granted, because the affidavits raise a triable issue of fact as to the understanding between the parties regarding the extent of the injuries and the basis for the release. In *Downey* v. *Palmer* (114 F. 2d 116) the court held that denial of a motion for summary judgment should be conditioned upon plaintiff filing an amended complaint within a specified time. In *Perlman* v. *Perlman* (235 App. Div. 313) it was stated that such a motion should be unconditionally denied and impliedly that the pleading could be amended at the trial. Mr. Justice SHIENTAG, in his book Summary Judgment, suggests a middle course, viz.: '' The motion should be denied unconditionally in the situation we are considering, but the Court should also direct the service of an amended pleading within a specified time.'' (P. 72.) There was no problem in *Frehe* v. *Schildwachter* (*supra*) because in that case the plaintiff was an infant, against whom the Statute of Limitations had not run, and a new action could be instituted; moreover, summary judgment was not involved, but a motion under rule 107 of the Rules of Civil Practice.

The order of Special Term should be modified to the extent that the motion is denied unconditionally but that within thirty days from the entry of the order to be entered herein, the plaintiffs shall serve and file an amended complaint to include an application to rescind and set aside the release.

PECK, P. J., BREITEL, BASTOW, BOTEIN and COX, JJ., concur.

Order unanimously modified to the extent that the motion is denied unconditionally but that within thirty days from the entry of the order to be entered herein, the plaintiffs shall serve and file an amended complaint to include an application to rescind and set aside the release. Settle order on notice.