Carl W. Peterson, J.
On or about the 28th of July, 1953 the infant plaintiff, then about three years of age, was injured in a vehicle accident allegedly caused by the negligence of this defendant.
Action to recover on behalf of the infant was instituted by his guardian ad litem in this court, and pursuant to an order of this court the action was compromised and settled for a consideration of $1,250. The order permitting the settlement was made on November 18, 1953.
The child is now eight years of age and, since the settlement of his action, has acquired blindness in one eye that is claimed to be a result of the injuries he sustained in the accident. The blindness was not observable at the time of settlement and was not considered by the parties to the action or by the court when the settlement was reached. Obviously, the sum of $1,250 is grossly inadequate to compensate the infant for his loss of vision.
The plaintiff has now instituted a new action based in negligence to recover for the blindness of the infant plaintiff. The defendant has pleaded affirmatively the general release given by the guardian ad litem upon the settlement of the first suit. The plaintiff has replied alleging, in substance, that the release was limited to known injuries and that it has no force and effect in law as a release to defendant in the matter of the infant plaintiff’s blindness.
The pleadings, as drawn, bring the case almost exactly in point with the pleadings in the case of Frankenheim v. Altman & Co. (1 A D 2d 200 [1st Dept.]). A reading of that case will *364 indicate the similarity between these two cases without recourse to tedious comparisons here.
The Court of Appeals in Frehe v. Schildwachter (289 N. Y. 250) made clear that a release, unrescinded, is a complete bar to an action at law, instituted after the execution of the release to recover on the cause of action which the release settled. The Court of Appeals, however, pointed out the procedure to be followed in such a case: the consideration for the release should be returned or tendered back and an action for rescission of the release should be instituted. (Bead this case with Gilbert v. Rothschild, 280 N. Y. 66 for an understanding of the intent of the Court of Appeals in Frehe v. Schildwachter, supra.)
A study of the three above-cited cases indicates the correct-procedure in this case to be as follows:
(1) The motion for summary judgment should be denied.
(2) The court should direct the service of an amended complaint asking for rescission and damages.
The amended complaint should factually state the circumstances of the release, the additional damages to plaintiff and a return or offer to return the consideration which plaintiff received upon execution of the release. It is noted by the court that the return or offer to return the consideration is a condition precedent to maintaining this action.
An order may be entered denying defendant’s motion and permitting the service of an amended complaint within 30 days to comply with the conditions prescribed in this memorandum.