KLOSKY v. DICK.

1. INFANTS—APPOINTMENT OF A GUARDIAN—WAIVER OF DISABILITY.
   No waiver of disability of an infant to bring an action occurs
   upon the appointment of a guardian.

2. LIMITATION OF ACTIONS—INFANTS—RENEWAL OF JUDGMENT.
   The 10-year statutory limitation within which to renew judg-
   ments became binding upon infant who, by his next friend,
   had sued for an intentional tort and recovered a judgment,
   only at the time he attained his majority (CLS 1956, § 609.13,
   subd [1]; CL 1948, § 609.15).

Appeal from Macomb; Noe (Alton H.), J.  Sub-
mitted April 12, 1960.  (Docket No. 47, Calendar
No. 48,424.)  Decided June 6, 1960.

Case by John Klosky against Jack Dick on tort
judgment entered 11 years previous while plaintiff
was a minor.  Dismissed on motion.  Plaintiff ap-
peals.  Reversed and remanded.

*Donald Wm. Sargent* and *Leonard L. Lubnik,* for
plaintiff.

KAVANAGH, J.  In this case we are asked to de-
termine the proper application of the statute of
limitations in a situation wherein after a judgment
was obtained in favor of a minor in a suit instituted

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 34 Am Jur, Limitation of Actions § 198.
. Appointment of guardian for infant as affecting running of statute
of limitations against him.  6 ALR 1689, 128 ALR 1379.

by his next friend, an action by the minor to renew such judgment was made more than 10 years after the rendition of the judgment, but less than 10 years after the minor attained his majority.

The stipulated facts are in substance as follows:

Plaintiff, who was then 17 years of age, instituted action through his next friend against defendant for an intentional tort in the Wayne county circuit court. On July 9, 1948, judgment was rendered for plaintiff in the amount of $2,500 plus $22 costs. On April 15, 1950, defendant filed a motion to set aside the judgment. An order denying the motion was signed April 26, 1950, providing that upon filing a remittitur of all sums in excess of $1,200 the verbal order of the court made on April 21, 1950, setting aside the judgment unless the remittitur was filed, would be vacated. A remittitur of all sums in excess of $1,200 signed by plaintiff's next friend was attached to the order. Court records indicated no garnishments, attachments, executions, or other process were issued to enforce the judgment.

On February 9, 1951, plaintiff became 21 years of age.

Upon discovering defendant was a resident of Macomb county, plaintiff instituted this action to renew the judgment on April 30, 1959. Defendant filed a motion to dismiss charging the action was barred by the statute of limitations in that 10 years had elapsed from the date of rendition of the judgment. On June 15, 1959, the court denied defendant's motion to dismiss, but no written order was prepared. Defendant filed for a rehearing on his motion to dismiss, which plaintiff answered. On July 13, 1959, the court reversed its earlier holding and ruled the motion to dismiss be granted. Such order was signed and filed on July 27, 1959. Plaintiff's motion for rehearing was denied on August 10, 1959. Plaintiff now appeals to this Court.

The pertinent portions of the statute relating to the limitation of personal actions applicable to this case are as follows:

"That actions founded upon judgments    *    *    * may be brought at any time within 10 years from the time of the rendition of such judgment."[1]

and

"If any person entitled to bring any of the actions mentioned in this chapter shall, at the time when the cause of action accrues, be within the age of 21 years,    *    *    *    such person may bring the action within the times in this chapter respectively limited, after the disability shall be removed."[2]

Unless we should hold the appointment of a guardian or next friend for the plaintiff-minor during his period of disability or the bringing of an action by such next friend culminating in the judgment resulted in the removal of the plaintiff's statutory disability, it is clear plaintiff is not barred by the limitation statute as he would have until February, 1961, to bring action to renew the judgment.

From a reading of the many cases cited in annotations[3] found in American Law Reports which have carefully considered the question whether the appointment of a guardian will set the statute of limitations in motion against the minor, it is obvious the rule is that such appointment will have no bearing on the existence of the minor's disability. Especially so, is this the case where, as under the instant facts, the right of action was in the infant. Many cases decided subsequent to the authoring of the above annotations are in agreement that no waiver of the disability occurs upon such appoint-

---

[1] CLS 1956, § 609.13, subd (1) (Stat Ann 1959 Cum Supp § 27.605, subd [1]).
[2] CL 1948, § 609.15 (Stat Ann § 27.607).
[3] 6 ALR 1689, 128 ALR 1379.

ment. See: *Aronson* v. *Bank of America N. T. & S. A.*, 42 Cal App2d 710 (109 P2d 1001); *In re Estate of Gress*, 13 Ohio Supp 70 (28 Ohio Op No 8); *Zini* v. *First National Bank in Little Rock*, 228 Ark 325 (307 SW2d 874).

A Michigan Supreme Court decision cited in support of the above mentioned rule is *Keating* v. *Michigan Central R. Co.*, 94 Mich 219, wherein the facts were as follows:

In 1876 plaintiff, then 7 years old, was injured. The following year his father was appointed as next friend in a suit against the defendant for plaintiff's injuries. In 1878 the suit was brought to trial, with plaintiff agreeing to a nonsuit after his proofs were put in, however, with leave to set the nonsuit aside. In 1882 an order was entered discontinuing the suit. In 1883 action was again brought by plaintiff, by his next friend, for the same cause of action. This action was discontinued in 1890. Subsequently, plaintiff brought suit in his own name within 1 year after he reached majority. Defendant pleaded the statute of limitations. Rejecting such defense, the Court cited the statutory provision providing a disability for those under 21 years of age and commented upon its applicability in the following language (pp 220, 221):

"It is contended by defendant's counsel that the term 'disability,' used in this statute, means the disability to bring suit, and that, when the right to bring suit begins, the disability is removed; that infancy is not a disability, but an infant may be disabled from bringing suit; and that, when a guardian is appointed, the disability is removed, as then the infant is in a position to bring and maintain his suit, and consequently then the statute begins to run. It is further contended that, if this position is not well taken, when the guardian actually brings suit

the statute begins to run from the date the suit is commenced.

"We cannot agree with this contention. It is evident that the disability mentioned in the statute can have no other meaning than the infancy of the party, and it is not removed until the full period of his nonage shall elapse. The rule is well stated in Wood on Limitations, § 238, as follows:

" 'Persons who have not attained the age of majority are infants, and, in those States where infancy is within the saving clause of the statute, the statute does not begin to run against him or her, even though he or she has a guardian who might sue the claim in question, nor even though other persons are jointly interested in the claim who are of full age, until he or she attains the age of majority. The fact that a guardian or the infant himself brings a suit before the disability is removed does not operate as a waiver of the saving clause in favor of the disability.'

"This rule is supported by   *   *   *   (citing cases). Under these authorities it is well settled that the disability of the plaintiff is not removed until he attains his majority.

"The fact that suit was actually commenced in the name of the infant, by his next friend, did not set the statute in motion, so that any lapse of time would bar it short of the time fixed by the statute, which is 6 years after his majority."

Another case holding in conformity with the rule that commencement of an action by an infant by his guardian *ad litem* does not terminate the infant's disability within a statute excluding such disability from the time to commence action is *Williams* v. *Board of Education of City of New York,* 182 Misc 619 (45 NYS2d 385).

The case of *Williams* v. *Merritt,* 109 Ga 213 (34 SE 312), contained the following set of facts: In 1898 plaintiffs, one then 24 years of age and the other yet a minor, brought action on an 1878 judg-

ment which had become dormant under the Georgia statute of limitations in 1886. Plaintiffs contended the statute did not run against them until they reached their majority based upon a statutory provision which stated that "infants, * * * who are such when the cause of action accrues, shall be entitled to the same time, after the disability is removed, to bring an action, as is provided in this code for other persons."[4] In reversing the lower court and holding for plaintiffs, the Georgia supreme court ruled that since the cause of action accrued and judgment obtained during plaintiffs' minority, and even though the judgment had become dormant because of the limitation statute during such disability, plaintiffs were, nevertheless, entitled to the same time, after removal of their disability, in which to bring an action upon the judgment, as is prescribed for persons laboring under no disability.

From the above mentioned authorities, it would appear plaintiff is not barred by the statute on the limitations of personal actions, since the 10-year statutory limitation to renew judgments only became binding upon him at the time he attained his majority.

The order dismissing the declaration is reversed and set aside, and the case is remanded to the Macomb county circuit court for trial on the merits. Plaintiff may have costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.

---

[4] Georgia Civil Code (1895), § 3779. (Currently, see Georgia Code Ann, § 3-801.—REPORTER.)