VICENTE MÁRQUEZ, ETC., Petitioner, v. SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, J. M. CALDERÓN, JR., JUDGE, Respondent; ANÍBAL DE JESÚS MORALES, Intervener.

No. C-62-7.    Decided May 28, 1962.

*Hartzell Fernández & Novas, A. Santiago Villalonga* on the brief, for petitioner. *Fausto Ramos Quirós* for intervener.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Santana Becerra, and Mr. Justice Rigau.

MR. JUSTICE RIGAU delivered the opinion of the Court.

The question for decision is whether the extinctive prescription runs against a minor who has a right of action after his father or guardian has brought such action on behalf of the minor.

On March 22, 1960, codefendant Aníbal de Jesús Morales ran over minor Vicente Márquez with his automobile causing him injuries. Within the year following the accident, on September 7, 1960 the minor's father (with patria potestas) filed an action for damages against Aníbal de Jesús, in the name and on behalf of his son. The complaint also set forth a separate cause of action of the community partnership composed of the minor's parents, and a third cause of action of the injured party's father himself.

While the action brought was pending, the plaintiff learned that when the accident occurred the driver of the vehicle was an employee of Regina Pereira and that at that moment he was acting within the scope of his employment. (We assume these data for the purposes of the question of prescription raised in this appeal, but we are not prejudging

them.). More than one year having elapsed since the date of the accident and the filing of the original complaint, on October 10, 1961 the plaintiff, with leave of the trial court, joined Mrs. Pereira as codefendant. The latter filed a motion for dismissal alleging that she was joined as a party one year and several months after the accident and that, therefore, the action had prescribed as respects her. The motion was granted and the plaintiff seeks review of the trial court's determination.

The defendant's position may be summoned up as follows: Section 153 of the Civil Code, 31 L.P.R.A. § 601, makes it the duty of the father having the patria potestas to represent his unemancipated children in the exercise of all actions which may redound to their benefit. In appearing through his father, the minor's juridical disability is cured and thereafter the extinctive prescription runs against him as well as in the case of other persons having full juridical personality. The privilege afforded by § 40 of the Code of Civil Procedure, 32 L.P.R.A. § 254, subsists only during such time as the minor's disability shall last, which disability is removed after he appears through his father or guardian. We know that § 40 of the Code of Civil Procedure provides that "If a person entitled to bring an action, other than for the recovery of real property, be at the time the cause of action accrued, either: Within the age of majority . . . the time of such disability is not a part of the time limited for the commencement of the action."

We concede that the defendant's position is not without logic and that it is an intellectually honest contention, but we are bound to decide the same against her; that is, we hold that the minor's cause of action against the defendant has not prescribed for the reasons which we turn to discuss.

It is true that a party can not be joined as defendant after the expiration of the period of prescription provided by the Act for the filing of the complaint—*Bithorn* v. *San-*

*tana,* 68 P.R.R. 281, 285 (1948); *Sanders* v. *Metzger,* 66 F.Supp. 262 (1946); IA BARRON AND HOLTZOFF, Federal Practice and Procedure, § 452—but that rule refers to cases in which the prescriptive period has run against the plaintiffs who were not juridically disabled. Hence, those cases do not dispose of the question raised herein. Nor do other cases in which we have considered § 40.[1]

■ The prescriptive period for this class of actions is, of course, of one year. Section 1868 of the Civil Code, 31 L.P.R.A. § 5298. Although § 1832 of that Code, 31 L.P.R.A. § 5243, provides that rights and actions shall extinguish by prescription to the prejudice of all kinds of persons, in the terms prescribed by law, § 40 of the Code of Civil Procedure, 32 L.P.R.A. § 254, which was approved two years after the aforesaid provision of the Civil Code, modified substantially § 1832 in providing that in the case of minors and other disabled persons the time of such disability shall not be considered in computing the prescriptive period. *Gómez* v. *Marques,* 81 P.R.R. 701, 706 (1960); *Ibáñez* v. *Diviñó,* 22 P.R.R. 484, 488 (1915). The purpose of the exception contained in the said § 40 is to protect the interests of the disabled persons until such time as they acquire the necessary juridical capacity to assert their rights. *Higgins* v. *Schneider,* 160 A.2d 165, 169 (1960); *Nebola* v. *Minnesota Iron Co.,* 112 N.W. 880 (1907); 13 Tulane L.Rev. 123.

■ We are conscious that the rules which prescribe the prescriptive periods of actions are also grounded on considerations of public policy, namely, that persons should not be subject indefinitely to be sued. But it seems that when both principles clash, as in the case at bar, the rule which

---

[1] *Gómez* v. *Marques,* 81 P.R.R. 701, 706 (1960); *Santiago* v. *People,* 74 P.R.R. 196, 202, 207 (1952); *Pagán* v. *Registrar,* 71 P.R.R. 448, 451 (1950); *Rossy* v. *Martínez,* 70 P.R.R. 703, 708 (1949); *Torres* v. *Heirs of Cautiño,* 70 P.R.R. 614, 619 (1949); *Vidal* v. *Monagas,* 66 P.R.R. 588, 594, 603, 606 (1946); *Acha* v. *Nevares,* 59 P.R.R. 235 (1941); *Palóu* v. *Aspurúa et al.,* 27 P.R.R. 404, 408 (1919); *Ibáñez* v. *Diviñó,* 22 P.R.R. 484, 488 (1915); *Pérez* v. *Guánica Centrale,* 17 P.R.R. 927, 933, 946 (1911).

seeks to protect the interests of incapables should prevail. It may be said that the rule on prescriptive periods is based on considerations of policy and of procedure, while the rule embodied in § 40 is one of justice. The courts have maintained that even if the father or guardian has brought the action on behalf of the minor, the prescriptive period does not run against the incapable until he has attained full juridical personality. *Williams* v. *Board of Education of City of N. Y.*, 45 N.Y.S.2d 385 (1943); *Klosky* v. *Dick*, 103 N.W..2d 618 (1960).

Section 1832 of the Civil Code, 31 L.P.R.A. § 5243, which is patterned on § 1932 of the Spanish Civil Code and which in the 1902 edition of our Code was § 1833, was substantially amended in 1930 by Act No. 48 of April 28 of that year (Sess. Laws, p. 368). The text of that section prior to 1930 read as follows:

"Rights and actions shall extinguish by prescription to the prejudice of all kinds of persons, including judicial persons, in the terms prescribed by law.

"Persons incapacitated to administer their property shall always retain the right to sue their legal representatives whose negligence may have been the cause of the prescription." Compilation of the Revised Statutes and Codes of Puerto Rico of 1911; § 4939, p. 807.

The second paragraph of that section was eliminated by the amendment of 1930, that is, the right of disabled persons to administer their property to sue their representatives whose negligence may have been the cause of the prescription was eliminated. There are sound reasons for eliminating that paragraph and for filling the vacuum created by the provisions of § 40 of the Code of Civil Procedure.

In the first place, the right accrued under the paragraph thus eliminated could be academic in most cases. For example, the child (minor) of a poor father who is prejudiced by a solvent person. If the father is negligent and

does not bring the action within the year, the minor whose rights have been prejudiced could not recover from his father. Furthermore, we can imagine the untoward consequences which must inure to the family by the fact that the son sues the father. As stated in *Guerra* v. *Ortiz*, 71 P.R.R. 574, 579 (1950), to sustain the right to such action "would open a dangerous gap in the family unity, created under the rule of the *patria potestas* . . . nòt only for the benefit of the children but also, as Manresa comments, for the benefit of the state, since it is necessary ' . . . for the interest of public policy and social welfare, that the paternal authority be firmly established so that a steady and permanent discipline would prevail in the family, in order that it may give forth well-educated citizens respectful of the laws and magistrates of their country.' " [2]

It would also be unfair to the brothers and sisters of the plaintiff child who, as forced heirs, would be penalized for the negligence of the father, since the latter, by paying to the suing child the amount of the judgment rendered in favor of the child, would as a general rule diminish the future inheritance estate. For all these social reasons and of justice, we believe that the rule embodied in § 40 of the Code of Civil Procedure should control. The incapable would thus be protected against the possible negligence of his father or guardian, since upon attaining majority he may bring proper action without jeopardizing the family unity or what might correspond in justice in due time to the other forced heirs.

We may add that § 40 is clear and does not embody the exception that we are asked to make by the defendant. The rule embodied in that section is the existing law. To hold otherwise would be to amend judicially an express provision of law; to substitute the same by another different

---

[2] For a justified exception, see *Fournier* v. *Fournier*, 78 P.R.R. 411, 414, (1955).

rule. If it were indispensable, we would create the rule since by § 7 of the Civil Code, 31 L.P.R.A. § 7, we are bound to render a decision, but as long as there is an applicable law we must respect it because the main function of the Legislative Assembly is to legislate.[3]

For the reasons stated above, the order appealed from is set aside and the case is remanded for further proceedings.

---

[3] In connection with like or similar provisions to § 40 of the Code of Civil Procedure, see: *Developments—Statutes of Limitations*, 63 Harv. L. Rev. 1177, 1229 (1950); *Proposed Statutory Revisions—Uniform Method of Computing the Period of Disability and Personal Actions*, 24 N.Y.L.Q. 198 *et seq.* (1949); *Comparison of the Statutes of Limitations*, 21 Ind. L. J. 23, 24 *et seq.* (1945); *Influences of Minority Upon the Accrual of Prescription*, 13 Tul. L. Rev. 123 et seq. (1938).