FRANK PITRELLI, an Infant, etc., and Another, Plaintiffs, *v.* MARTIN COHEN and Others, Defendants.

Supreme Court, Special Term, Kings County, August 19, 1938.

*J. M. Fawcett,* for the plaintiffs.

*L. J. Brosnan,* for the defendants.

NOVA, J.   This is a motion pursuant to rule 109, subdivision 6, of the Rules of Civil Practice, to strike out the defense set forth in paragraph " ninth " of the defendants' answer because insufficient in law.

In the first cause of action the infant plaintiff, through his guardian, sues for damages alleged to have been sustained by him through the malpractice of the defendant doctors, whereby as the result of an operation the infant lost an eye.

In the second cause of action the infant plaintiff, through his guardian, seeks to recover damages from the defendant hospital by reason of its negligence in failing to provide the infant plaintiff with proper medical care and attendance and competent physicians while the infant plaintiff was in said hospital for an operation, which resulted in the loss of his left eye.

The third cause of action is brought by the father of the infant plaintiff for loss of services.

The defendant doctors, Cohen and Dunnington, by their answer, interpose a defense set forth in paragraph " ninth " directed to the third cause of action, to the effect that the action is barred by the Statute of Limitations, pursuant to section 50, subdivision 1, of the Civil Practice Act, which provides that an action for malpractice must be brought within two years.

The alleged act of malpractice resulting in the loss of the infant's left eye occurred on or about April 21, 1934.   The infant plaintiff at the time the alleged cause of action arose was about eleven years of age.

This action was instituted by the service of a summons and complaint on the defendant New York Post Graduate Medical School and Hospital on January 5, 1938, and on the defendant Martin Cohen on May 27, 1938, and on the defendant John H. Dunnington on June 1, 1938.

The defendants contend that pursuant to section 37-a of the General Construction Law an action for loss of services is tantamount to a personal injury action and that the personal injury in this case arises out of malpractice, because that is the cause of action of the infant plaintiff against the doctors; that the two-year Statute of Limitations applicable to malpractice cases does not defeat the infant's cause of action because of the disability afforded it by statute, but said Statute of Limitations is applicable to the parent's cause of action.

Thus, the motion resolves itself into a question of whether or not the father's cause of action, for loss of services by reason of the malpractice of the doctors, is outlawed because it was not commenced within two years of April 21, 1934.

Of the cases cited by defendants, the Court of Appeals case of *Maxson* v. *Delaware, Lackawanna & W. R. R. Co.* (112 N. Y. 559), comes nearest to supporting defendants' argument but the issue therein did not involve an infant's action out of which there arose a parent's right to sue for loss of services.

In the *Maxson* case the wife was injured by reason of the alleged negligence of the defendant and the plaintiff husband sued for loss of services of his wife. The defense was the Statute of Limitations, and it was held that the said defense applies to a cause of action of a husband for loss of services of his wife because of personal injuries to her because of defendant's negligence. By way of *obiter dictum* the court also stated that the Statute of Limitations applied to every case where the action is founded on the fact of an injury to a person occasioned by negligence, whether the person is that of the plaintiff or of any other individual for whose injury he is entitled to bring an action.

The court stated that it would be an anomalous condition if while an individual would be limited in his right to bring an action for an injury to his body resulting from the defendant's negligence, to the period of as many years as the statute provides as to all elements of damage, yet, if another, to whom the right might pertain to maintain an action for the same injury, sues, the time is enlarged to twice as many years on the theory that it was an injury to property (loss of services).

In the *Maxson* case the wife's right to sue the defendant was lost by the lapse of three years, but it was proposed to give to the husband the right to maintain an action on the same ground and on the same proofs, but for the loss of her services, for six years from the time it accrued.

In the case at bar it is well settled that while this is a derivative action and gains its existence through the existence of the cause of action which inures to the benefit of the infant plaintiff for the alleged wrong committed upon him by the defendants, it is, pursuant to section 37-a of the General Construction Law, in the nature of a personal injury action, and the parent's right to recover for loss of services for the injuries to the infant is derivative and depends upon the right of the child to recover for his injuries. If the infant plaintiff cannot recover, then the parent cannot succeed in his action for loss of services. (*Reilly* v. *Rawleigh*, 245 App. Div. 190; *Lundergan* v. *New York Central & H. R. R. R. Co.*, 203 Mass. 460;

89 N. E. 625; *Regan* v. *Superb Theatre, Inc.*, 220 Mass. 259; 107 N. E. 984; *Maxson* v. *Tomek*, 244 App. Div. 604.)

Since the cause of action herein accrued to the infant during infancy, the running of the statute is suspended until one year after the infant attains his majority. (Civ. Prac. Act, § 60.)

Now, the infant's action having been brought within the proper time as provided by law, the action of the father for loss of services, which is derivative in nature, is likewise brought in time. It is not as though the infant plaintiff failed to bring his action in time, and, therefore, according to the *Maxson* case (*supra*), the father would be outlawed the same as the infant would be because the gravamen of the father's case depends on the nature and quality of the infant's case. This is so even though it be legally termed an action for loss of services. The infant here has brought his action within the time limited by law. Why should it not then follow that the parent's action for loss of services is measured by the same standard? The law protects an infant in his civil rights. If this protection pertains to his right of action for personal injuries, why should it not pertain then to all of the legal rights, privileges and immunities which naturally flow from that right of action? Loss-of-service actions are customarily brought together with the main tort action involved. Rarely, if ever, does the loss-of-service action precede the main cause of action for the tort. This is so because the proof in both actions is practically similar. The father here could not have said, " I will start my loss-of-service action within two years from the time my boy's malpractice action arose so as not to be outlawed by the Statute of Limitations. My boy is only eleven years old and can wait until he is twenty-two years old to bring his malpractice action."

Or, should it be said that the parent was duty bound to be vigilant and see to it that the infant's malpractice action was commenced within the two-year period so as to save his (the parent's) loss-of-service action? Would it not be an anomalous condition of law if the protection afforded the infant by reason of his infancy were to be forfeited because his parent or guardian was not vigilant?

It seems to me that the protection of the statute, that is, section 60 of the Civil Practice Act, extends to every legal right naturally flowing from the infant's cause of action, and this includes the parent's right of action for the loss of services by reason of the personal injuries sustained by the infant.

The motion to strike out the defense set forth in paragraph " ninth " of the defendants' answer is granted.