PEERLESS COAT & APRON SUPPLY CO.. INC., Appellant, v. COMMERCIAL COAT & APRON SUPPLY CO., INC., and DAVID FINE, Respondents, and HARRY LUPKA, Defendant.— Order denying appellant's motion to punish a witness for contempt for failure to obey a subpœna reversed on the law and the facts, with ten dollars costs and disbursements payable by respondents, and the motion granted, without costs. The witness is in contempt but may purge himself thereof by his appearance for examination at a time to be fixed in the order to be entered hereon. Order granting respondents' motion to vacate the subpœna and notice of examination reversed on the law and the facts, without costs, and the motion denied, without costs. The witness was not free to disregard the subpœna. The papers on appeal indicate that substantial grounds for examination exist. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur. Settle order on notice.

FRANK PITRELLI, an Infant, by GEORGE L. PITRELLI, His Guardian ad Litem, and GEORGE L. PITRELLI, Respondents, v. MARTIN COHEN, JOHN H. DUNNINGTON, Appellants, and NEW YORK POST GRADUATE MEDICAL SCHOOL AND HOSPITAL, a Membership Corporation, Defendant.— Order granting plaintiffs' motion to strike out the defense of the Statute of Limitations contained in paragraph " Ninth " of appellants' answer reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The disability afforded an infant by section 60 of the Civil Practice Act does not inure to the parent's cause of action for loss of services and medical expenses. The father's action, not having been instituted within the statutory period, is barred and it was error to strike out the separate defense contained in appellants' answer. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur. [169 Misc. 117.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH AZZUE, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting defendant of the crime of violating section 986 of the Penal Law (bookmaking), unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLEMENT FIORELLA, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting defendant of the crime of violating section 986 of the Penal Law (bookmaking), unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN SINGER, Appellant.— Judgment by a city magistrate, sitting as a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law (leaving scene of accident without reporting), unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

LESTER RIS, as Executor, etc., of DELIA J. RIS, Deceased, Appellant, v. CHARLES RIS, Individually and as Executor, etc., of DELIA J. RIS, Deceased, Respondent.— In an action for an accounting, judgment dismissing the complaint upon the ground that it appears that the plaintiff has an adequate remedy in the Surrogate's Court, reversed on the law and the facts and a new trial granted, with costs to the appel-