DAVID GUNDERSHEIN, an Infant, by ARTHUR GUNDERSHEIN, His Guardian ad Litem, Appellant, *v.* BRADLEY-MAHONY COAL CORPORATION et al., Respondents, et al., Defendants.

Submitted May 22, 1946; decided July 23, 1946.

*Isidor Enselman* and *Louis Solomon* for appellant. The judgment should be reversed. (*Sheehan* v. *North Country Community Hosp.*, 273 N. Y. 163; *Miller* v. *Town of Irondequoit*, 243 App. Div. 240; *Louden* v. *State of New York*, 181 Misc. 139.)

*Gregory A. Lee* and *Daniel Miner* for Bradley-Mahony Coal Corporation, respondent. Plaintiff's action is barred by the Statute of Limitations. (*Frehe* v. *Schildwachter*, 263 App. Div. 379, 289 N. Y. 250; *Brand* v. *Union Railway Co.*, 173 Misc. 224; *McDowell* v. *Chemical Bank and Trust Co.*, 38 N. Y. S. 2d 248.)

*John J. Stewart* and *John P. Smith* for Vermilyea Realty Co., respondent. Plaintiff's action is barred by Statute of Limitations. (*Frehe* v. *Schildwachter*, 263 App. Div. 379, 289 N. Y. 250; *Matter of Becker*, 28 Hun 207.)

*Per Curiam.* The judgment dismissing the prior action brought in behalf of the infant plaintiff was ordered because of failure of diligent prosecution by the guardian ad litem.

Since that judgment was not rendered upon the merits, it does not prevent the present action for the same cause of action (Civ. Prac. Act, § 482). Hence the present action, which was commenced within the period of the plaintiff's infancy, is not barred by the Statute of Limitations (Civ. Prac. Act, § 49, subd. 6; § 60, subds. 1, 3).

The judgments should be reversed and the motions denied, with costs in all courts.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Judgments reversed, etc.