■ WILHELMINA FRANCIES, as Guardian ad Litem of BARBARA J. FRANCIES, an Infant, et al., Appellants, v. COUNTY OF WESTCHESTER et al., Respondents. — In an action by an infant to recover damages for personal injuries and by her mother for medical expenses and loss of services, the appeal is from an order granting a motion to dismiss the complaint on the ground that the action was not brought within the time limited by law. Order modified by striking therefrom the ordering paragraphs and by substituting therefor provisions to the effect that the motion be denied as to the infant's cause of action for personal injuries and be granted as to the mother's cause of action for medical expenses and loss of services. As so modified, order unanimously affirmed, without costs, with leave to respondents to answer within 20 days after the entry of the order hereon. The infant's cause of action was timely brought and is not barred, since section 60 of the Civil Practice Act suspended the

running of the Statute of Limitations during her infancy (*McKnight* v. *City of New York*, 186 N. Y. 35; *Russo* v. *City of New York*, 258 N. Y. 344; *Tilinsky* v. *City of New York*, 255 App. Div. 815; *Stokes* v. *New York City Housing Auth.*, 110 N. Y. S. 2d 674). The cause of action for medical expenses and loss of services does not come within the protection of section 60 of the Civil Practice Act and consequently is subject to the nine-month Statute of Limitations provided by section 501 of the Westchester County Administrative Code when read with section 24 of the Civil Practice Act. (*Bernal* v. *Baptist Fresh Air Home Soc.*, 275 App. Div. 88, 97, affd. 300 N. Y. 486; *Pitrelli* v. *Cohen*, 257 App. Div. 845.) This cause of action is barred since it was not brought within nine months after the accident. (Westchester County Administrative Code, § 501 [L. 1948, ch. 852]; Civ. Prac. Act, § 24; *Field* v. *Westchester County Playland Comm.*, 1 A D 2d 684, motion for leave to appeal denied 1 N Y 2d 642.) Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.