Mark A. Costantino, J.
In this negligence action brought by a guardian ad litem on behalf of an infant plaintiff, as well as an action by infant plaintiff’s father for loss of services and medical costs, defendant apparently moves under rule 113 of the Rules of Civil Practice for summary judgment.
On June 14,1956 infant plaintiff, aged 1% years, was injured in an automobile accident involving defendant’s car. As a result thereof infant plaintiff was treated for a contusion on the right side of the head. Approximately 4% months thereafter counsel for infant plaintiff effected a settlement in the sum of $200, the infant plaintiff having apparently recovered from her injury. On November 30,1956 an order of compromise was signed and a general release in favor of defendant was duly executed. It is asserted that shortly thereafter infant plaintiff’s parents noticed that the infant’s left eye turned unnaturally towards her nose. Examination of infant plaintiff by an ophthalmologist revealed that she was suffering from a left internal strabismus. As a consequence thereof two operations were performed on infant plaintiff’s eyes in 1956 and 1957.
On May 1,1961 the instant action was commenced. Defendant interposed affirmative defenses of the Statute of Limitations and the previously executed general release.
*347 The motion, insofar as it is directed to the action brought on behalf of infant plaintiff, is denied. A question of fact is presented as to whether or not the parties signing the release intended to release defendant from liability for injuries not known at the time. If, at the trial of the action, it is affirmatively proven that the parties did not have such intent, the release will not be a bar to recovery. (Barry v. Lewis, 259 App. Div. 496; Brown v. Manshul Realty Corp., 271 App. Div. 222.) In addition, the infant’s action is not barred by the Statute of Limitations. The exception permitted infant plaintiff provides that the period of infancy is not a part of the time limit for commencing an action until more than one year after infancy terminated (Civ. Prac. Act, § 60; Bernal v. Baptist Fresh Air Home Soc., 275 App. Div. 88, 97, affd. 300 N. Y. 486).
The father’s cause of action for loss of services and medical expenses is barred by the Statute of Limitations, the action having been commenced after the three-year limit (Civ. Prac. Act, § 49, subd. 6; Bernal v. Baptist Fresh Air Home Soc., supra; Pitrelli v. Cohen, 257 App. Div. 845).
Accordingly, the motion is denied as to infant plaintiff’s cause of action and granted as to plaintiff father’s cause of action.