Frank A. Gulotta, J.
Each defendant herein moves for summary judgment and the plaintiff has cross-moved to add another party defendant.
The facts are not in dispute and may he summarized as follows:
On June 1, 1958, Sandra Tasyn a child of 14, together with her parents, was visiting relatives in New Hyde Park. She left with her cousin to play with friends of his. They arrived at defendant Hickis’ home situated a block away and a game of “ whiffle ball ” was commenced in Hickis’ back yard.
Plaintiff, Stephen Schuh a boy of 7, who lived across the street, came over and joined in the game. While he was standing awaiting his turn at bat, Sandra Tasyn who was at bat struck at the ball, and the bat slipped from her grasp and struck Stephen Schuh in the face.
It is sought to fix liability on Sandra’s parents because they did not follow her around and supervise her play. Aside from the fact that they owe no such duty to the plaintiff, even had they done so, it is not apparent how that could have prevented this accident.
It is elementary that parents are not per se liable for the torts of their children. They may of course incur a liability under special circumstances, as for instance, where they furnish a dangerous instrumentality to the child such as a gun, but then the parent is actually being held for his own negligence.
*479 Here the parents had nothing to do with the bat and ball and, even if they did, such ordinary instruments of play in the hands of a 14-year-old could scarcely be considered a lethal agency.
As to the defendant Hiekis, his liability is predicated on the fact that he allowed the children to play in his yard. There was nothing wrong with the physical condition of the yard, and even if there were, a social visitor such as the plaintiff, takes it as he finds it, in the absence of some “ hidden pitfall ” or affirmative wrongdoing. (Krause v. Alper, 4 N Y 2d 518.)
It follows from this discussion that the defendants’ motions must be granted.
The cross motion to add the infant who wielded the bat as a party defendant could be granted insofar as the infant plaintiff is concerned, because although the three-year Statute of Limitations has now run, section 60 of the Civil Practice Act extends the time for the period of the infant plaintiff’s disability. However, this would not apply to the adult father, who seeks a recovery for loss of services and medical expenses, and to permit him to escape the effect of the statute by adding a new defendant now would be unduly prejudicial.
Therefore the cross motion is denied but without prejudice to the institution of a new action against the infant Sandra Tasyn, if the infant plaintiff be so advised.