In the Matter of the Arbitration between MELVIN M. BELLI, Respondent, and MATTHEW BENDER & COMPANY, INCORPORATED, Appellant.

First Department, October 26, 1965.

*John M. Kenney* of counsel (*Schmidt & McCormick,* attorneys), for appellant.

*Charles F. Krause* of counsel (*Speiser, Shumate, Geoghan & Krause,* attorneys), for respondent.

*Per Curiam.* This is a motion to confirm an award of arbitration. The sole ground of opposition is that the application is untimely. CPLR 7510 provides: "Confirmation of award. The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in section 7511." Notice of the arbitrators' award was forwarded to the parties on October 29, 1963. On November 15, 1963, respondent moved before the arbitrators pursuant to CPLR 7509 to modify the award. Petitioner filed objections to the requested modification. The arbitrators took the matter under advisement and denied the application for modification on December 10, 1963. The parties were so notified on the same day. The present application to confirm the award was made on November 25, 1964. It will be noted that this date is more than a year later than the

date of the original award but less than a year after the arbitrators refused to modify the original award.

We believe that for the purposes of the limitation of one year the award should date from the final determination of the arbitrators. If, pursuant to CPLR 7509, the matter is again taken under consideration by the arbitrators, there is no way of knowing what the final award will be until they have announced their decision. It would seem anomalous that if the award is modified the time for confirmation is extended, but if not, no matter how long the arbitrators keep the matter under advisement, it is not.

We do not believe that the legislative history of CPLR 7510 mandates any contrary interpretation. While the section is not, in specific terms, a Statute of Limitations, it appears that the time period for bringing an action on an award is contained in a specific Statute of Limitations (CPLR 215, subd. 5). This latter section, insofar as it applies to an action to reduce an arbitration award to judgment, was framed to conform the period in which suit may be brought to that in which a motion may be made (see Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7510.03). This history leads to the belief that despite its form CPLR 7510 is a Statute of Limitations.

The foregoing does not, however, mandate when the statute shall begin to run, as between the delivery date of the award as initially made or the ruling of the arbitrators upon an application made pursuant to CPLR 7509. Prior to the enactment of the latter section, an award once made was final as far as the arbitrators were concerned, and they had no power to correct it. The section changed this and provided a procedure by which application could be made to the arbitrators to make certain kinds of correction (see Second Preliminary Report of Advisory Committee on Practice and Procedure, N. Y. Legis. Doc., 1958, No. 13, p. 144). On the question of time the committee reported (*op. cit.*) that where an application is pending before the arbitrators pursuant to the then proposed section the court could await their disposition before passing upon a motion to vacate or modify the award. Clearly this shows that the award to be passed upon is the final award after disposition of objections, if any, is made. The plan of article 75, arbitration, is to make no practical distinction between motions to confirm and motions to modify or confirm, in that both types of motion must result in either confirmation, modification or vacation without regard to which type of motion is made (CPLR 7510, 7511, subd. [e]). It would follow that on a motion for confirmation as well as for modification or vacation, the court could also await the arbi-

trator's final disposition, and that the award mentioned in 7510 is such a final disposition.

The order should be reversed, on the law and the facts, and the motion granted, with costs to the appellant.

BOTEIN, P. J., McNALLY, STEVENS, EAGER and STEUER, JJ., concur.

Order and judgment (one paper) unanimously reversed upon the law and the facts, with $50 costs to the appellant, and petitioner's motion to confirm an arbitration award granted, with $10 costs.