Walter J. Bayer,
J. On March 9, 1953, the plaintiff John Martello, an infant who was 12 years old, sustained personal injuries due to the alleged negligence of the defendants while he was a student assigned to a class for the mentally retarded in Public School 59 in Manhattan. On June 5, 1953, the plaintiffs served a timely notice of claim upon the defendants. On March 5, 1954, the plaintiffs instituted an action in the Supreme Court.
On March 19,1962, Mr. Justice Flynn dismissed the action on the ground that plaintiffs’ counsel refused to proceed to trial when so directed by the Judge. Plaintiffs moved to restore the action in the Supreme Court, and Judge Flynn denied that motion.
On September 18, 1962, the plaintiffs instituted this action now pending in the Civil Court. At the time when this Civil Court action was instituted, the infant plaintiff was 21 years old, having been born on December 6, 1940.
The main issue herein is whether section 60 of the Civil Practice Act extended the time of the “ infant ” plaintiff to institute the second action in the Civil Court.
In Russo v. City of New York (258 N. Y. 344) the Court of Appeals held that section 60 of the Civil Practice Act applies to the period of limitations in subdivision e of section 394a-1.0 of the Administrative Code of the City of New York, and that the plaintiff had one year after the disability of infancy ceased in which to begin her action (also La Fave v. Town of Franklin, 20 A D 2d 738; Tilinsky v. City of Neto York, 255 App. Div. 815; Francies v. County of Westchester, 3 A D 2d 850; Blake v. New York City Housing Auth., 36 Misc 2d 914; Lawrence v. *553 Rochester Housing Auth., 26 Misc 2d 196; Caulston v. Rosenfeld, 175 Misc. 479; Stokes v. New York City Rousing Auth., 110 N. Y. S. 2d 674).
In Matter of Martin v. School Bd. (301 N. Y. 233) the Court of Appeals held that the notice of claim provisions of section 50-c of the General Municipal Law must be strictly complied with and were not. The defendants in the case now before me do not claim that the plaintiffs failed to serve timely notice of claim. The Martin case did not change the basic law of the Russo case. Where the notice of claim was timely, the infant plaintiff may institute his action within one year after the infancy ceased.
The dismissal of the first action was not a dismissal on the merits and is not a bar to this second action. (Gundershein v. Bradley-Mahoney Coal Corp., 295 N. Y. 539.) Brand v. Union Ry. Co. (173 Misc. 224), to the extent that it conflicts with the Gundershein case, is not the correct law.
The issue under section 23 of the Civil Practice Act need not be decided herein since this second action was not barred by the Statute of Limitations because of the disability of the infant (Russo v. City of New York, 258 N. Y. 344, 349).
Therefore, the action by the plaintiff John Martello is not barred by the Statute of Limitations.
Accordingly, the motion to dismiss the complaint of John Martello on the grounds of the Statute of Limitations is denied.
In respect to plaintiff, Ralph Martello, the father of John Martello, on his cause of action for loss of services, he is not protected by the disability of the infant (Francies v. County of Westchester, 3 A D 2d 850). Therefore, the main issue in respect to him is whether section 23 of the Civil Practice Act is applicable.
As stated heretofore, the Supreme Court action was instituted on March 5, 1954. It finally appeared for trial in the 1 ‘ Blockbuster Part ” on March 16, 1962. Judge Flyxx set the matter down for actual jury selection and trial for March 19, 1962. Plaintiffs’ counsel refused to proceed to trial before Judge Flyxx. Judge Flyxx ordered plaintiffs to proceed to trial. The plaintiffs and their counsel refused to do so. Judge Flyxx dismissed the case for failure to proceed to trial. The motion to restore the action to trial was denied on the ground that it would defeat the purpose of the “Blockbuster Part.” The plaintiffs did not appeal that decision by Judge Flyxx.
The main issue herein is whether the dismissal in the Supreme Court action constituted a dismissal for neglect to prosecute within the meaning of section 23 of the Civil Practice Act. *554 I am constrained to hold that the dismissal in the Supreme Court did constitute a dismissal for neglect to prosecute (Hymowitz v. Soprinsky, 24 A D 2d 750; Schuman v. Herts Corp., 23 A D 2d 646; Wright v. Defelice & Son, 22 A D 2d 962).
Nems Enterprises v. Beltaeb, Inc. (24 A D 2d 739) is clearly distinguishable since the statements made therein are purely dicta. Furthermore, the dismissal was based upon plaintiff's failure to appear for a pretrial examination, not for failure to proceed in a * ‘ Blockbuster Part ” as happened in the case now before me. The older cases cited by plaintiffs’ counsel are no longer the law, in view of the newer Appellate Division cases cited heretofore.
Therefore, section 23 of the Civil Practice Act does not protect plaintiff Ralph Martello from the bar of the Statute of Limitations, to wit, subdivision c of section 394a-1.0 of the Administrative Code of the City of New York.
Accordingly, the motion to dismiss the complaint of Ralph Martello on his cause of action for loss of services is granted.