■ RUBIN GRIEFER, Respondent, v. MARVIN NEWMAN et al., Appellants.— In an action to recover damages for breach of an oral contract and fraud and to declare void a certain restrictive covenant contained in a purported written agreement, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County, entered January 28, 1966, as denied their motion to examine before trial Saul ·Cohen, Esq., as a nonparty witness (CPLR 3101, subd. [a], par. [4]). Order reversed insofar as appealed from and motion to examine Saul Cohen, Esq., granted, with $10 costs and disbursements. The examination shall proceed at Special Term within 20 days after entry of the order hereon, upon 10 days' written notice by defendants, or at such other time and place as the parties may agree by written stipulation. Plaintiff sues, among other things, for breach of an oral agreement, contending that defendants induced him to execute a written agreement, dissimilar to the oral agreement, on defendants' fraudulent representation that the written agreement, to be used by defendants to deceive third parties, would be considered by all signatories as a sham. Defendants deny that the written agreement is not genuine and allege that plaintiff's attorney drafted it. In effect, plaintiff alleges that his attorney believed that the signatories to the written agreement did not intend to be bound by its provisions. In our opinion, special circumstances exist which warrant the pretrial examination of plaintiff's attorney, who has special knowledge concerning his preparation of the written agreement and who, as is inferrable from plaintiff's own allegations, will probably be a hostile witness (CPLR 3101, subd. [a], par. [4]). ·Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ JENNIE HEIMER et al., Respondents, v. JOHNSON, DRAKE & PIPER, INC., et al., Appellants.— In a negligence action to recover damages for injury to property, defendants appeal from an order of the Supreme Court, Queens County, entered March 16, 1966, which (1) granted a motion to amend the complaint so as to substitute as a plaintiff the executor of the decedent's estate of Jennie Heimer, in place of the latter, and (2) denied defendants' cross motion to dismiss the complaint pursuant to statute (CPLR 3211, subd. [a], pars. 3, 5). Order affirmed, without costs. The summons and complaint were served four months after the death of plaintiff Jennie Heimer and three months after the appointment of the executor. In our opinion, the substitution of the executor for the deceased plaintiff was properly permitted as the correction of an irregularity under CPLR 2001 (*Rosenberg* v. *Caban*, 16 N Y 2d 905). Defendants' defenses with regard to the interest of ,coplaintiff John Coppola and the alleged absence of necessary parties have not been waived under CPLR 3211 (subd. [e]). However, under the circumstances, defendants should be left to their remedies in the trial court. Beldock, P. J., ·Christ, Hill, Rabin and Benjamin, JJ., concur.