■ LORETTA KRATZ, an Infant, by MARGARET KRATZ, Her Mother, et al., Respondents, v. DAVID DUSSAULT, an Infant, by VICTOR M. DUSSAULT, His Father, et al., Defendants, and BOARD OF EDUCATION OF THE SCHENECTADY CITY SCHOOL DISTRICT, Appellant.— STALEY, JR., J. Appeal from an order of the Supreme Court at Special Term, entered July 15, 1968 in Schenectady County, which denied a motion to dismiss the summons and complaint on the ground that they were not served within the period specified by section 50-i of the General Municipal Law. The infant plaintiff was injured on April 22, 1966 in the student parking lot at the Linton High School in the City of Schenectady. A notice of claim pursuant to section 50-i of the General Municipal Law was served upon the Schenectady City School District on July 21, 1966. A demand for oral and physical examinations of the infant plaintiff was served upon the attorneys for the plaintiffs on September 13, 1966. The oral examination was held on September 23, 1966 and the physical examination was held on February 24, 1967. The summons and complaint were served upon the appellant on January 29, 1968 one year and 282 days after the date of the accident. Separate causes of action were alleged on behalf of the infant plaintiff for her personal injuries, and on behalf of her mother for medical expenses and loss of services. Subdivision 1 of section 50-i of the General Municipal Law provides that no action shall be prosecuted or maintained against a school district for personal injury unless a notice of claim has been served in compliance with section 50-e and 30 days have elapsed since service of the notice of claim, and that adjustment or payment has been neglected or refused and unless the action has been commenced within one year and 90 days after the happening of the event upon which the action is based. Subdivision 3 of this section provides that "Nothing contained herein or in section fifty-h of this chapter shall operate to extend the period limited by subdivision one of this section for the commencement of an action or special proceeding." Subdivision 5 of section 50-h provides: "Where a demand for examination has been served as provided in subdivision two of this section no action shall be commenced against the * * * school district against which the claim is made unless the claimant has duly complied with such demand for examination". *Israel* v. *City of New York* (28 Misc 2d 418), relied upon by Special Term, involved an action for personal injuries as the result of an accident which occurred on June 29, 1959. However, subdivision 3 of section 50-i became effective on September 1, 1959 and was made applicable to claims arising out of injuries occurring on and after its effective date. Subdivision 3 of section 50-i was further amended by chapter 151 of the laws of 1960 on the recommendation of the Joint Legislative Committee on Municipal Tort Liability which explained its purpose as follows: "Its purpose is to make clear that the period within which actions and special proceedings against municipalities are required to be brought is not intended to be tolled or extended by reason of its provisions." It was thereafter held in *Joiner* v. *City of New York* (26 A D 2d 840) that CPLR 204 (subd. [a]), which provided for tolling of Statutes of Limitation where commencement of actions is stayed by statutory prohibition, "is not applicable to the statutory stays contained in sections 50-h and 50-i of the General Municipal Law ". The intent and purpose of subdivision 3 of section 50-i is clear, and it expressly precludes the commencement of an action against

a school district after the expiration of one year and 90 days after the happening of the event upon which the action is based. (*Ortiz v. City of New York*, 28 A D 2d 1098.) It has, however, been consistently held that the provisions of CPLR 208, which extend the time within which an action may be brought by an infant, toll the time limitations of section 50-i during infancy. (*Correa v. Board of Educ. of City of N. Y.*, 27 A D 2d 907; *Abbatemarco v. Town of Brookhaven*, 26 A D 2d 664; *La Fave v. Town of Franklin*, 20 A D 2d 738.) The suspension of the running of the Statute of Limitations during infancy, however, does not inure to the benefit of the parent's cause of action for loss of services and medical expenses. (*Francies v. County of Westchester*, 3 A D 2d 850; *Berment v. County of Erie*, 53 Misc 2d 366.) Order modified, on the law and the facts, so as to grant the motion to dismiss the mother's cause of action against appellant for medical expenses and loss of services, and, as so modified, affirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.