(December 16, 1969)

■ TIMOTHY O'LEARY, Respondent, v. BROWN SEAL REALTY CORP., Appellant.— Order, entered on December 11, 1967, granting plaintiff's motion to strike the affirmative defenses of Statute of Limitations and laches, affirmed, with $50 costs and disbursements to plaintiff-respondent. It is conceded that the present action was commenced within three years after plaintiff attained his majority. The fact that the first action brought by plaintiff's guardian ad litem was dismissed on procedural grounds, approximately 10 days *after* plaintiff became 21 years of age, does not prevent the application of CPLR 208 to the claim at bar. Plaintiff has complied with CPLR 208 and the defenses pleaded are legally insufficient. (*Russo* v. *City of New York*, 258 N. Y. 344; *Gundershein* v. *Bradley-Mahony Coal Corp.*, 295 N. Y. 539.) Concur — Capozzoli, Tilzer and Nunez, JJ.; Eager, J. P., and Steuer, J., dissent in the following memorandum: Special Term granted, we believe erroneously, plaintiff's motion to strike affirmative defenses of the Statute of Limitations and laches. The action seeks recovery for personal injuries received in an accident which occurred in 1962. At the time plaintiff was 19 years of age and an action was started by his guardian ad litem. While that action was pending plaintiff attained his majority. Thereafter that action was dismissed for lack of prosecution. Two years and 11 months after plaintiff became of age this action was started. The statutory provision extending an infant's time to start an action to three years after the disability of infancy is removed (CPLR 208) is not disputed. Nor is it contended that the one-year limitation on starting an action where a prior action has been dismissed on grounds other than the merits affects an action brought on behalf of an infant (*Gundershein* v. *Bradley-Mahony Coal Corp.*, 295 N. Y. 539). That, however, is not the situation here. When the plaintiff became of age the action previously instituted by his guardian ad litem became his action. He and not the guardian became the party in interest and had control of the action. He could settle, continue, prosecute, change attorneys, or take any other step that is open to a plaintiff, and the erstwhile guardian could not interfere (*Ream* v. *Ream*, 281 N. Y. 395; *McCarthy* v. *Anable*, 169 Misc. 595–596).

It would follow that the situation was exactly the same as if he had then started the action himself and was under no disability. Accordingly, it was he who is chargeable with the dismissal. And he is entitled to the same period in which to commence another action that any other plaintiff is. In this jurisdiction only one prior decision has been found where the operative facts (namely, the dismissal taking place after the attainment of majority) parallel those in this case. It was there held that the statute was a defense (*Brand* v. *Union Ry. Co.*, 173 Misc. 224). The several decisions arising from dismissals during the infant's minority have no application.