WALTER v CITY OF FLINT

1. INFANTS—PARENT AND CHILD—SEPARATE ACTIONS.

An infant's cause of action for damages and his parents' cause of action to recover their expenses arising from the same set of circumstances are separate and independent causes of action.

2. LIMITATION OF ACTIONS—INFANTS—DERIVATIVE ACTIONS.

One who maintains a separate and independent cause of action is not "claiming under" an injured infant, within the meaning of the statute which extends the statute of limitations for infants or persons "claiming under" them, even where the causes of action arise from the same set of circumstances (MCLA 600.5851).

3. LIMITATION OF ACTIONS—INFANTS—PARENT AND CHILD.

Parents claiming damages for medical expenses and loss of services for injuries suffered by their child do not get the extension of the statute of limitations given by statute to the child during his infancy (MCLA 600.5851).

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 February 9, 1972, at Lansing. (Docket No. 10337.) Decided May 24, 1972.

Complaint by Gordon Walter and Lillian E. Walter, for themselves and as guardians of Linda Kay Norman against the City of Flint for injuries incurred by their ward in an automobile accident caused by defendant's negligence. Jesse Riley, Robert H. Riley, George A. Riley, and Robert Cruse were added as third-party defendants. Defendant City of Flint's motion for accelerated judgment

REFERENCES FOR POINTS IN HEADNOTES
[1] 42 Am Jur 2d, Infants § 150 et seq.
[2, 3] 51 Am Jur 2d, Limitation of Actions § 182 et seq.

denied. Defendant appeals on leave granted. Reversed and remanded.

*Robert E. Weiss,* City Attorney, and *Thomas E. Chittle,* Assistant City Attorney, for defendant City of Flint.

Before: McGregor, P. J., and Levin and Targonski,* JJ.

McGregor, P. J. On August 30, 1967, plaintiffs' 17-year-old daughter was a passenger in an automobile which struck a pile of dirt excavated from and located on Atherton Road in the City of Flint; plaintiffs were not involved in the accident. This action was commenced more than 2–1/2 years later, on May 20, 1970, for damages allegedly incurred as the result of injuries and losses sustained in the above incident. Suit was brought individually to recover their expenses, and as guardian of the minor to recover damages for her injuries.

Prior to answering, the City of Flint moved for accelerated judgment on the grounds that the action was barred by the two-year statute of limitations for actions against governmental agencies, 1964 PA 170; MCLA 691.1411; MSA 3.996(111). Plaintiffs answered that the period of limitations was extended by MCLA 600.5851; MSA 27A.5851, because of Linda's minority at the date of the accident. Plaintiffs further claim the statute also suspended their individual claim because they were "claiming under" Linda, within the meaning of § 5851.

Following briefs and arguments, the trial court denied the city's motion in its entirety. The city

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

sought an interlocutory leave to appeal from the trial court's holding that the parents' individual claim was preserved because they were claiming under their infant daughter, which this Court granted.

On appeal, the sole issue is whether MCLA 600.5851; MSA 27A.5851 extends the statute of limitations for parents' separate and individual claims for damages. The pertinent portion of this statute provides:

"(1) If the person first entitled to make an entry or bring any action is under 21 years of age, insane, or imprisoned at the time his claim accrues, he or those *claiming under* him shall have 1 year after his disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852. * * *

"(3) To be deemed a disability, *the infancy,* insanity, or imprisonment *must exist at the time the claim accrues.* If it comes into existence after the claim has accrued it shall not be recognized under this section for the purpose of modifying the period of limitations." (Emphasis added.)

In Michigan, an infant's cause of action for damages and the parents' cause of action to recover their expenses and loss of services, though arising from the same set of circumstances, are separate and independent causes of action. *Gumienny v Hess,* 285 Mich 411 (1938); *Neilsen v Henry H Stevens, Inc,* 359 Mich 130 (1960); and *Morrison v Grass,* 314 Mich 87 (1946).

The specific issue of whether the parents' individual claims for damages are extended by § 5851 is a case of first impression in Michigan. However, subsection 3 of the statute above quoted is indicative of how this case should be decided, as it states

that the disability must exist at the time the claim accrues. This would indicate a legislative intent that only those persons who are disabled at the time their claim accrues would receive the statutory benefit of a year's grace after their disability ceases, in which to file their claim.

In the instant case there was no disability existing for the parents at the time when their claim accrued. It is, therefore, apparent that the parents' separate and distinct claims do not fall within the protection of § 5851(3). This is not inconsistent with the language in subsection 1, which states that those claiming under the disabled person "shall have one year after his disability is removed through death or otherwise". The phrase "claiming under" in subsection 1 refers to a person who stands in place of the person who first sustained an injury, and who seeks to maintain the injured person's claim in his stead. However, one who maintains a separate but related cause of action is not "claiming under" the original injured person.

In New York State, a jurisdiction which has a statute similar to Michigan's,[1] it has been held that:

---

[1] New York CPLR § 208 (formerly CPA §§ 43, 60) provides:

"§ 208. *Infancy, insanity or imprisonment.*

If a person entitled to commence an action is, at the time the cause of action accrues, under the age of twenty-one years, insane or imprisoned on a criminal charge or conviction for a term less than for life, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases, or the person under the disability dies, the time within which the action must be commenced shall be extended to three years after the disability ceases or the person under the disability dies, whichever event first occurs; if the time otherwise limited is less than three years, the time shall be extended by the period of disability. The time within which the action must be commenced shall not be extended by this provision beyond ten years after the cause of action accrues, except where the person was under the age of twenty-one years. This section shall not apply to an action to recover a penalty or forfeiture, or against a sheriff or other officer for an escape."

"The protection afforded the infant by Civil Practice Act, § 60 does not inure to the parent's cause of action for loss of services and medical expenses, and the father's cause of action not having been instituted within the statutory period is barred *(Pitrelli v Cohen,* 257 App Div 845, 12 NYS2d 71) and accordingly should be dismissed." *Constantinides v Manhattan Transit Co,* 264 App Div 147, 151; 34 NYS2d 600, 604 (1942).

The New York courts have further stated that the parents' cause of action for loss of the infant's services is an independent cause of action and must be commenced within the statutory time after its accrual. See *Caulston v Rosenfeld,* 175 Misc 479; 23 NYS2d 909 (1940). See also *Francies v Westchester County,* 3 AD2d 850; 161 NYS2d 501 (1957); *Schuh v Hickis,* 37 Misc 2d 477; 236 NYS2d 214 (1962); *Martello v Board of Education of City of New York,* 49 Misc 2d 551; 267 NYS2d 963 (1966).

While the interpretation of the New York statute is not determinative as to how the Michigan courts should interpret MCLA 600.5851, the statutes are similar enough so that the interpretation by the New York Court is highly persuasive. We now hold that the parents' cause of action for medical expenses and loss of services does not come within the protection of MCLA 600.5851; MSA 27A.5851.

The trial court is reversed on this issue and the matter is remanded for entry of an order consistent with this opinion.

All concurred.