■ GLORIA ELLIOT, as Guardian of BRIDGETTE ELLIOT, an Infant, Appellant, v GREEN BUS LINES, INC., Respondent. — In a proceeding to confirm an arbitration award, petitioner appeals from a judgment of the Supreme Court, Queens County (Calabretta, J.), dated May 12, 1981, which dismissed the petition. Judgment reversed, on the law, with $50 costs and disbursements, and proceeding remitted to Special Term for a determination on the merits. The infant petitioner obtained a no-fault arbitration award in her favor for damages sustained while riding on respondent's bus. However, she did not immediately seek to confirm the award. The application to confirm, brought as a special proceeding by her guardian ad litem, was served well beyond the one-year limitation period set forth in CPLR 7510. Special Term, in dismissing the petition to confirm, held that the application was untimely despite the petitioner's infancy. There should be a reversal. The one-year time period of CPLR 7510 is a Statute of Limitations where a special proceeding is commenced to obtain judicial relief (see CPLR 7502, subd [a]; 7510; *Teachers Assn. of Tarrytowns v Tarrytown Bd. of Educ.,* 59 AD2d 890; *Matter of Belli [Bender & Co.],* 24 AD2d 72; see, also, Siegel, New York Practice, § 601; cf. CPLR 215, subd 5). The toll for infancy (CPLR 208) is applicable to such a special proceeding (see CPLR 103, subd [b]; 105, subd [b]; 201). At bar, the infant petitioner had the option of waiting until her disability ceased to commence her own special proceeding to confirm the award or, as she chose to do here, maintain a special proceeding by her guardian ad litem (see *Frehe v Schildwachter,* 289 NY 250, 252; *Bernal v Baptist Fresh Air Home Soc.,* 275 App Div 88, 97). Until she chose the latter, the limitations period set forth in

CPLR 7510 was tolled (see *id; Francies v County of Westchester,* 3 AD2d 850). We have considered the remaining arguments of the parties and find them to be without merit. Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.