■ ISABEL KRAMER, Individually and as Executrix of SOL

KRAMER, Deceased, Respondent, v TWIN COUNTY GROCERS, Doing Business as FOODTOWN SUPERMARKET CORP., Respondent; EMPIRE KOSHER POULTRY, INC., Sued Herein as EMPIRE FOOD CORP., Defendant and Third-Party Plaintiff-Respondent, and NOSHER'S HEAVEN, INC., et al., Appellants and Third-Party Defendants-Appellants.—In an action to recover damages for personal injuries, etc., the defendants and third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated March 1, 1988, as (1) granted the plaintiff's motion for leave to serve an amended complaint asserting a cause of action to recover damages for wrongful death, and (2) denied, in part, their cross motion for summary judgment dismissing the complaint insofar as it is asserted against them and the third-party complaint against them.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which denied that branch of the cross motion which was to dismiss the derivative causes of action as against the appellants and substituting therefor a provision granting that branch of the cross motion, and (2) deleting the provision thereof which denied that branch of the cross motion which was to dismiss the complaint and third-party complaint as against the two individual appellants and substituting therefor a provision granting that branch of the cross motion, and severing the action and third-party action as against those parties; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellants payable by the plaintiff-respondent and the defendant and third-party plaintiff-respondent, appearing separately and filing separate briefs.

We agree with the Supreme Court that the error in designating the decedent Sol Kramer as a plaintiff was a mere mistake or irregularity which did not substantially prejudice the appellants. Therefore, the court did not improvidently exercise its discretion in retroactively correcting the misdescription (see, CPLR 2001; accord, Rosenberg v Caban, 16 NY2d 905; Wichlenski v Wichlenski, 67 AD2d 944, 946; Heimer v Johnson, Drake & Piper, 26 AD2d 547).

However, the court erred in failing to grant summary judgment in favor of the appellants dismissing Isabel Kramer's derivative causes of action. Her causes of action to recover damages for loss of consortium and medical expenses are derivative of her deceased husband's personal injury action (see, Liff v Schildkrout, 49 NY2d 622, 632; Rothfarb v Brookdale Hosp., 139 AD2d 720, 722-723; Scharfman v National

*Jewish Hosp. & Research Center,* 122 AD2d 939). Such causes of action are governed by a three-year Statute of Limitations *(see, Rothfarb v Brookdale Hosp., supra,* at 722-723; *Mamunes v Williamsburgh Gen. Hosp.,* 28 AD2d 998, *affd* 23 NY2d 757), to which the extensions or tollings of the Statute of Limitations applicable to causes of action to recover damages for personal injuries do not apply *(see, Rivera v Berkeley Super Wash,* 44 AD2d 316, 326; *Francies v County of Westchester,* 3 AD2d 850, 851; *Pitrelli v Cohen,* 257 App Div 845). As the plaintiff Isabel Kramer's causes of action were not interposed within three years of her husband's injury, they are time barred and should have been dismissed.

Summary judgment dismissing the complaint and third-party complaint as against the two individual appellants should also have been granted. There is nothing in the record to establish that those parties committed any tort outside the scope of their capacities as shareholders and officers of the defendant and third-party defendant Nosher's Heaven, Inc. While those parties entered into contracts on behalf of Nosher's Heaven, Inc., they may not be held individually liable for the corporation's contractual obligations *(see, We're Assocs. Co. v Cohen, Stracher & Bloom,* 103 AD2d 130, 132-133, *affd* 65 NY2d 148).

We have considered the appellants' remaining contentions and find them to be without merit. Brown, J. P., Kunzeman, Eiber and Kooper, JJ., concur.