■ ANTHONY A. QUINTO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [776 NYS2d 835]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated July 1, 2003, which granted the motion of the defendant New York City Transit Authority for leave to serve an amended answer to include assumption of risk as an affirmative defense and denied his cross motion for leave to serve an amended complaint to include causes of action to recover damages pursuant to General Municipal Law § 205-e and for loss of consortium on behalf of the plaintiff's wife.

Ordered that the order is affirmed, with costs.

Generally, leave to amend a pleading is freely given, absent prejudice or surprise resulting from the delay (see Muneeb v Qi-Xiong Cen, 303 AD2d 661 [2003]). The decision to allow or disallow an amendment is committed to the sound discretion of the Supreme Court, the exercise of which should not be lightly disturbed (see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]). In this case, the plaintiff failed to show that the proposed amendment to the answer of the defendant New York City Transit Authority (hereinafter the NYCTA) would result in prejudice or surprise. Therefore, the Supreme Court providently exercised its discretion in granting the NYCTA's motion for leave to amend its answer.

The Supreme Court also providently exercised its discretion in denying the plaintiff's cross motion for leave to amend his complaint to include causes of action to recover damages for loss of consortium on behalf of his wife and pursuant to General Municipal Law § 205-e. The cause of action for loss of consortium was derivative of the plaintiff's personal injury action, which was asserted against the NYCTA, a public authority. Such causes of action are governed by a one-year and 90-day statute of limitations (see Public Authorities Law § 1212 [2]). Since the cause of action for loss of consortium was not interposed within one year and 90 days of the accrual of the action, it was time-barred (see Kramer v Twin County Grocers, 151 AD2d 722 [1989]).

A police officer seeking to recover under General Municipal Law § 205-e must identify a statute or ordinance with which the defendant failed to comply and must, in addition, set forth facts from which it may be inferred that the defendant's negligence

directly or indirectly caused harm to him or her (*see Williams v City of New York,* 304 AD2d 562 [2003], *affd* 2 NY3d 352 [2004]). In this case, the plaintiff failed to cite any such statute or ordinance in his motion papers, rendering the subject amendment "palpably insufficient as a matter of law" (*Leszczynski v Kelly & McGlynn,* 281 AD2d 519, 520 [2001]). Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.