■ KENNETH P. SILVERMAN, Respondent, v NEIL R. FLAUM et al., Appellants. [838 NYS2d 448]—

In an action to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated August 11, 2006, as granted those branches of the plaintiff's motion which were to strike the second and ninth affirmative defenses asserting that Jennifer Mizrahi, a debtor in bankruptcy, lacked standing to sue and that Kenneth P. Silverman, as bankruptcy trustee for the estate of the debtor, was improperly substituted as a party plaintiff, and denied their cross motion to dismiss the action based on those affirmative defenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

The commencement of this action to recover damages for legal malpractice against the debtor's original attorneys in a bankruptcy proceeding was authorized by the United States Bankruptcy Court, and the plaintiff's attorneys were retained pursuant to an order of the bankruptcy court to pursue the instant action on behalf of the bankruptcy trustee. Initially, the debtor was erroneously named as a party plaintiff instead of the bankruptcy trustee.

This Court has held that an error in designating the decedent as plaintiff in a wrongful death action is "a mere mistake or irregularity which did not substantially prejudice the appellants"

which could be corrected pursuant to CPLR 2001 (*see Kramer v Twin County Grocers*, 151 AD2d 722, 723 [1989]). Similarly, in the order appealed from, the Supreme Court ruled that the commencement of the action in the name of the debtor was a mistake. CPLR 2001 authorizes the court to correct a mistake, omission, defect, or irregularity at "any stage of an action."

The defendants' contention that the action must be dismissed for failure to join a necessary party is without merit (*see Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 5 NY3d 452, 458 [2005]; CPLR 1003, 3025 [a]). Rivera, J.P., Goldstein, Lifson and Balkin, JJ., concur.