OPINION OF THE COURT
Phillip R. Rumsey, J.
The relevant facts in this case are undisputed. The infant plaintiff, Danae, who was then 15 years old, attended a practice for her lacrosse team at the J.M. McDonald Center on November 17, 2011. Defendant was an assistant coach for Danae’s team and also for another team comprised of younger girls. Danae arrived for practice at approximately 7:45 p.m., while defendant was coaching the younger team’s practice session. Defendant’s nine-year-old son, Nicholas, who was then in fourth grade, was dropped off at the J.M. McDonald Center shortly before 8:00 p.m. by his grandmother to wait for his father to pick him up and take him home. Nicholas, who had played organized lacrosse since first grade, had with him his lacrosse stick — a short stick typically used by players on offense. Defendant spoke briefly to Nicholas when he arrived, but gave him no specific instructions.
At approximately 8:00 p.m., Danae took the field to begin warming up for practice by playing catch with two of her teammates. Upon catching a ball thrown by one of her teammates, Nicholas approached Danae from her side, outside of her field of vision, and struck — or “checked” — the “head” portion of her lacrosse stick with his lacrosse stick, apparently in an effort to dislodge the ball from Danae’s stick. The head of Nicholas’s stick was deflected and struck Danae in the mouth, injuring her two lower front teeth. The teeth were both fractured and died. Danae has since had root canal surgery for both teeth and will require crowns. Danae was not wearing her mouthguard during warm-ups. Plaintiff commenced this action to recover for Danae’s injuries, and defendant now moves for summary judgment.[1]
“[A] parent owes a duty to protect third parties from harm that is clearly foreseeable from the child’s improvident use or operation of a dangerous instrument, where such use is found to be subject to the parent’s control” (Rios v Smith, 95 NY2d 647, 653 [2001] [citations omitted]). Thus, whether defendant owes a duty of care to plaintiff with respect to the injuries *722 caused by Nicholas’s conduct turns on whether the lacrosse stick is a dangerous instrument under the facts of this case.[2]
“Whether an item may be so classified depends on several factors, including the nature and complexity of the instrument itself, the particular attributes (e.g., age, maturity, intelligence, and physical characteristics) of the minor to whom it has been entrusted, and his or her experience and proficiency with the instrument (Rios v Smith, 95 NY2d 647, 653 [2001]; Botillo v Poette, 152 AD2d 840, 841 [1989]).” (DePerno v Hans, 18 Misc 3d 1119[A], 2007 NY Slip Op 52518[U], *1 [2007].)
While this determination is often fact-based, “items that are commonly used by children, of suitable age in a manner consistent with their intended use, may not, as a matter of law, be classified as dangerous instruments” (Rios, 95 NY2d at 653).
Neither counsel nor the court have been able to identify a reported decision considering whether a lacrosse stick is a dangerous instrument; however, the cases considering whether a baseball bat is a dangerous instrument are instructive, in light of the similarities between lacrosse sticks and baseball bats — both are commonly used by children to play sports and are capable of causing injury even if used properly.[3] It has been held, as a matter of law, that a baseball bat used by an infant for its intended purpose to swing at a pitched ball is not a dangerous instrument (see Arciniega v Voelkel, 12 Misc 3d 1167[A], 2006 NY Slip Op 51097[U] [2006]; Schuh v Hickis, 37 Misc 2d 477 [1962] [wiffleball bat]). By contrast, the issue of whether a baseball bat was a dangerous instrument presented a question of fact where it was being “continuously” and randomly swung by a five year old on a playground who was not attempting to hit a pitched ball (see Panlilio v Vergakis, 22 Misc 3d 1108[A], 2008 NY Slip Op 52616[U], *2 [2008]).
Nicholas was familiar with the use of lacrosse sticks, in light of the fact that he had been playing organized lacrosse and receiving coaching instruction for approximately three years. The incident happened on a lacrosse field, when Nicholas was using his stick for its intended purpose by striking the “head” *723 portion of Danae’s stick in an attempt to dislodge the ball from her stick — a move known as a stick check. Notably, Danae testified that stick checks are permitted in women’s lacrosse and may result in a stick being deflected and striking a player in the face or head, sometimes resulting in injury (see affirmation of Mark D. Goris, Nov. 29, 2013, exhibit F [tr of examination before trial of Danae Becker and Katherine A. Becker] at 12-16)— which is exactly what happened in this case. Even if there were evidence that Nicholas’s manner of stick checking had been improper, or would have been perceived as a foul by a referee— and there is no such evidence — the fact remains that he was using his stick as intended for the sport of lacrosse in which violations of the rules occur as a part of the game (see e.g. Schuh, 37 Misc 2d 477 [1962] [wiffleball bat which struck the injured plaintiff in the face when it slipped from the infant batter’s grasp was not a dangerous instrument]).
Thus, the court concludes, as a matter of law, that a lacrosse stick is not a dangerous instrument when used for an intended purpose on a lacrosse field by a nine year old who is an experienced lacrosse player.
Based on the foregoing, defendant’s motion is granted, and the complaint is dismissed, with prejudice.

. Plaintiff withdrew her cross motion to compel disclosure upon defendant’s compliance with her disclosure demands.

. Plaintiff has not alleged that defendant is liable for Danae’s injuries on the basis that Nicholas has any tendency to engage in vicious conduct, or that defendant was aware of any such tendency.

. Although not relevant to resolution of this motion, both may also be used as weapons.